*373
 
 Peabson, C. J.
 

 In cases of this kind, very little aid is to be derived from “ the books,” except in regard to the general principles which have been established, for all depends upon intention, and no two. wills are ever precisely alike : although the meaning may be the same, there will be a difference-in the words used, and a difference in the relations of the-members of the family, or other circumstances, having a material bearing on the question.
 

 This case fulfills, in as complete a manner, as any case can-do, all the conditions required by the general principles, which have been established. If a trust is not created in this-case, the whole doctrine must be ignored-. In support of this position, I refer to
 
 Ford
 
 v.
 
 Fowler,
 
 3 Beame, 146; see also
 
 Alston
 
 v. Lea, ante 37. That is considered as a case decided cfn two principles where, as was remarked by
 
 Mr.
 
 Moore, with much force and- beauty, “the pendulum, which-had been vibrating- first on one extreme and then on the other, had gradually assumed its right position.”
 

 In this case, the subject-matter of the trust is certain; the objects of the testator’s bounty are plainly described, and
 
 his wish
 
 that one half of the property, embraced in that clause of the will, should be given to John- P. Cook and Mary A. Ter-rill, by his widow at her death, is as plainly expressed as can be done by the English language. Here, then, we have certainty as to the subject matter — -certainty,, as to the objects of the bounty, and certainty as to the intention of the testator ;• for
 
 the wish
 
 is expressed directly and unequivocally ; nothing is left to conjecture; so, to use a common expression, “ there can. be no two ways about it.” The husband did intend, and wish, and express that intention and wish in his last will and testament, that his wife, at her death, should give one half of the negroes and other property given to her by the fourth-clause of the will, to his brother and sister. The wish of her husband, so clearly expressed, imposes an obligation on
 
 her conscience
 
 — in other words, creates a trust, which a court of equity will enforce.
 

 The general frame of the will tends to confirm the correet-
 
 *374
 
 tiess of this conclusion. The testator divides his property into three classes, although he gives all of it to his widow. 1. His land, he gives to her, for life, with a remainder at her death to his brother John. 2. His perishable property, he' gives to her absolutely. 3. His negroes and bonds, &c., he gives to her, subject
 
 to a wish,
 
 that at her death, she will give one half thereof to his brother John and sister Mary, showing, clearly, that he intended the negroes and bonds to be in a middle state, not given for life, and still, not given absolutely, but given
 
 subject t& a
 
 trust, in favor of his brother and sister, as to one half, after her death, in respect to" which, nothing was left to her discretion, or her inclinations, or her wishes; which disposition, he evidently makes, under the impression that, by having the
 
 legal
 
 estate subject to a trust, her control of the negroes, in respect to the disposal of such, as she chose to sell, and in respect to the division, in regard to giving them in families, would be less restricted than if he had given her only a life-estate, with a remainder as to one half to his brother and sister.
 

 But all doubts, as to his intention, is removed by the codicil. By it, he gives the crop of cotton on hand, at his death, absolutely to his wife, classing it with the horses, mules, &c., and he then takes particular pains to remove a difficulty, whjch he supposes might arise as to the increase of the negroes, and says, he does not mean that his wife shall give all of the increase of the negroes to Ms brother and sister, but only the one half of the increase, of the negroes; treating it not as a matter left to her discretion or inclination, but as the subject of a trust, which he had created in favor of his brother and sister, and which, consequently, he chose to relieve from all doubt and obscurity. His particularity, in thus explaining his true meaning, relieves the subject of all doubt, and makes this much stronger than any case, to which we have been referred in the books.
 

 Per Curiam, Demurrer overruled.