------o------

## Reed's Administrator *v.* Reed.

WILL.—*Trust.*—Bequest by J., "that my son S. shall receive of my estate the sum of $200, to be paid him at the death of my wife, provided my wife shall outlive me; which said $200 it is my wish my son S. shall add to the advancement he may make to his son R., when R. comes of age."

*Held,* that the bequest created a trust in favor of R., and that the legacy, received by S., on the death of J.'s wife, from the executor of J., was to go to R., on his arriving at majority, whether his father made any advancement to him or not.

DECEDENTS' ESTATES.— *Witness.*—On the trial of a claim against a decedent's estate for the amount of a legacy received by the decedent in his lifetime, in trust for the claimant, the plaintiff is not a competent witness, unless called by the adverse party or by the court.

APPEAL from the Fountain Common Pleas.

GREGORY, J.—Sampson S. Reed filed a claim against the estate of Stephen Reed in the clerk's office of the court below, on the 28th of August, 1867. The claim was not admitted by the administrator, and was therefore transferred to the issue docket, at the January term, 1868.

The plaintiff filed an amended complaint, in which it is averred that, by virtue of the last will and testament of

James Reed, deceased, there was bequeathed to the plaintiff two hundred dollars, to be paid by the executor to Stephen Reed, upon the death of Sabina Reed, the wife of the testator, who, by the terms of the will, was to pay the same to the plaintiff. A copy of the will is made a part of the complaint, containing, among other things, the following bequest: "Fourthly, it is my will that my son Stephen shall receive of my estate the sum of two hundred dollars, to be paid him at the death of my wife, provided my wife shall outlive me; which said two hundred dollars it is my wish my son Stephen shall add to the advancement he may make his son Sampson S. Reed, when Sampson comes of age." The complaint further avers, that in 1853, and after the death of Sabina, the executor paid over the two hundred dollars to Stephen Reed, who during his lifetime failed and refused to pay it to the plaintiff, although demanded of him within six years before his death; nor has his administrator paid it, or any part thereof, since the death of the intestate."

The will bears date 23d of September, 1834, and was probated in Kentucky, in August, 1835.

The defendant demurred to the complaint, which was overruled, and he excepted.

The defendant answered: 1. The general denial. 2. That the cause of action did not accrue within six years before the commencement of the action or within six years before the death of the intestate, Stephen Reed. 3. That the cause of action did not accrue within fifteen years before the commencement of this suit. 4. Payment. 5. That after the plaintiff arrived at twenty-one years of age the said Stephen Reed made advancements to his son Sampson, in money, property, and use of farm, use of saw mill, and timber from farm, to the full amount of the two hundred dollars.

The plaintiff replied: 1. The general denial. 2. That the intestate did, within six years prior to his death, acknowledge his indebtedness and promise to pay the same. 3. That the cause of action did accrue within fifteen years.

Trial by the court; finding for the plaintiff; motion for a new trial overruled. The evidence is made a part of the record. The will was put in evidence. The executor testified that he paid the two hundred dollars to Stephen Reed in 1852 or fall of 1854. Sampson S. Reed offered himself as a witness on his own behalf. The defendant objected, but the court allowed him to testify. The defendant excepted, and this is one of the causes assigned for a new trial. He testified that his father told him that he got the two hundred dollars in 1852 or 1853; that by the terms of the will it was not to be paid to him, the plaintiff, until his, the father's, death; that then the plaintiff would receive it out of his, the father's, estate; that he, plaintiff, was led by this to believe that he could not receive it until after his father's death; that his father, in his lifetime, did not make any advancement whatever to him.

William Reed, brother of the plaintiff, testified that Stephen Reed had admitted to him that he had received the two hundred dollars specified in the will, and that it was not to be paid to Sampson, the plaintiff, until after his, the father's, death; and then he was to have it out of his estate. It was in evidence that the plaintiff was forty-two years of. age at the time of the trial.

It is claimed that the bequest created no trust in favor of the appellee, and therefore the complaint was bad on demurrer, and this presents the first question in the case.

In *Ford* v. *Fowler*, 3 Beav. 146, a bequest to a daughter, A., the wife of B., of 10,000*l.*, payable six months after the testator's decease, with the following words added: "I recommend to my said daughter and her said husband, that they do forthwith settle and assure the said sum of 10,000*l.*, together, also, with such sum of money of his own as the said B. shall choose, for the benefit of my said daughter A. and her children," was held to be a trust for the children after the decease of A., so that the legacy did not lapse by the death of A. in the testator's lifetime.

In *Malim* v. *Keighley*, 2 Ves. 333, the Master of the

Rolls stated the general rule on this subject thus: "Wherever any person gives property, and points out the object, the property, and the way in which it shall go, that does create a trust, unless he shows clearly, that his desire expressed is to be controlled by the party; and that he shall have an option to defeat it."[U]

It is claimed in the case at bar that it was not the intention of the testator that the two hundred dollars should go to the grandson absolutely, on his arriving at the age of twenty-one years, but that it was only to go to him in case his father made advances to him.

In *Ford* v. *Fowler, supra,* the Master of the Rolls says: "It was argued that the subject was uncertain, because the testator recommended that, besides the 10,000 *l.* of his own, something of the husband's to be settled also; but there being certainty as to that which was in the testator's power, the trust as to this does not fail because the testator expressed a wish as to something over which he had no power. His wish or recommendation that the husband should settle something of his own is perfectly consistent with his wish or recommendation that the whole of the 10,000 *l.* should be settled, whether the husband settled anything or not."

So in the case under consideration, it is equally clear that the wish of the testator that the two hundred dollars should go to the grandson on his coming of age was consistent with the wish that it should be added to such sums as the father might elect to advance to his son.

The court below committed no error in overruling the demurrer to the complaint.

The appellee was not a competent witness unless called by the adverse party, or the court trying the case. See *Malady* v. *McEnary,* 30 Ind. 273.

It is argued that this was a harmless error; that other witnesses testified to the same facts. The evidence was material, and we cannot say what weight was given to it in the court below. The appellee, by offering himself as a witness on his own behalf, treated the testimony as mate-

rial. For this error a new trial ought to have been awarded.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*W. H. Mallory*, for appellant.

*J. Ristine*, for appellee.