Filed Feb. 14, 1885.

———————◆———————

No. 11,811.

### SIBERT v. COX.

WILL.—*Construction.*—*Charge of Support and Education of Children.*—A devise of land to the children of the testator's deceased son in fee simple, with the addition of these words, "It is my desire and intention that the mother of said children shall use and occupy said land until the youngest of said children shall become twenty-one years of age, to support and educate said children," gives the mother an estate in the land until the youngest child reaches full age, charged, however, with the support and education of the children, and such devise is not upon condition of her personal occupancy of the land.

SAME.—*Guardian.*—In such case, where it appears that the children of the testator's deceased son have resided with their mother, and it is not shown that she has been unable or failed to educate or support her children, a guardian of such children can not call upon her for any portion of the rents and profits of said land; and if the guardian has collected the rents of said land, he must account to the mother for them.

From the Bartholomew Circuit Court.

*N. R. Keyes*, for appellant.
*S. Stansifer*, for appellee.

BLACK, C.—Jacob Sibert died testate, in Bartholomew county, in 1880, being the owner in fee simple of certain land, eighty acres, in said county. By his will, which was duly probated, he devised said real estate as follows:

" Item eight. I will, devise and bequeath to my grandchildren, Cora Belle Sibert, John T. Sibert and Jacob T. Sibert, in fee simple, share and share alike, the following real estate situate in Bartholomew county, Indiana: The eighty acre tract purchased by me of Jake McDonald, and the same occupied by my son John T. Sibert in his lifetime, the same being north of the land owned by Simpson Rutherford, and the same occupied by said children and the widow of said John T. Sibert, deceased. It is my desire and intention that Adeline Sibert, the mother of said children, shall use and occupy said land until the youngest of said children shall become twenty-one years of age, to support and educate said children."

This was an action brought by said Adeline Sibert, the appellant, against the appellee James Cox, the plaintiff alleging that the defendant wrongfully took possession and assumed control of said land and rented it and collected the rents thereof, and for the five years last before the commencement of the action so received and collected said rents, all without the leave or license of the plaintiff; that the rent of said land for said time was worth an amount stated, which was due and owing from the defendant to the plaintiff; that during said time said youngest child was not of age, and he was not yet of age, and that the plaintiff had demanded of the defendant a settlement and accounting for said rents, but that the latter had failed and refused, and he still failed and refused, to pay or account for the same or any part thereof.

The defendant answered, in substance, that on the 29th of October, 1880, he was appointed by the court below and duly qualified as guardian of said children, who then were and who

still were infants under the age of twenty-one years; that he still was such guardian; that as such guardian he took charge of said real estate and collected the rents, the same sued for in this action; that the plaintiff, with her said children, of her own accord, resided elsewhere all the time since before the defendant's appointment as such guardian; that he had appropriated said rents to the proper support of said children, the necessary repair of said land, and proper expenses of said guardianship, said wards having no other estate or property.

On demurrer, this answer was held sufficient; and the overruling of this demurrer is alone assigned as error.

In construing the will, the intention of the testator is to be sought for in its provisions, and it is to be given effect if not contrary to law.

It may be gathered from the clause quoted, that the land in question had been occupied by the testator's son, who was deceased, and that it was occupied by the three grandchildren and their mother, the children and widow of the testator's said son. The testator gave the land to said grandchildren in fee simple, but provided that their mother should use and occupy it until the youngest of the children should become twenty-one years of age, to support and educate said children.

This provision conferred on the plaintiff an estate during the period of the youngest child's minority. *Whittome* v. *Lamb*, 12 M. & W. 813; *Rabbeth* v. *Squire*, 19 Beav. 70; *Fillingham* v. *Bromley*, Turn. & Rus. 530, 536.

The devise was not conditional upon personal occupancy of the land by the widow, and she would have the right, consistently with the expressed purpose of the testator, to let it to rent. *Rabbeth* v. *Squire, supra; Maclaren* v. *Stainton*, L. R. 11 Eq. 382; *Stone* v. *Parker*, 29 L. J. Ch. 874.

The mother was to use and occupy the land, to support and educate the children. A trust was created in favor of the children. But when we consider the relationship of the plaintiff to said children, and the facts, that the land had been occupied by her husband in his lifetime, and that at the making

of the will it was occupied by the family of the testator's son, the plaintiff and her children, we can not conclude that it was the testator's intention that the plaintiff should have no beneficial interest in the land. She held the land as her own during the prescribed period, but out of it she was to provide for the support and education of the children.

By statute, she, and not the guardian, was entitled to the custody of the persons and the control of the education of her minor children, unless she was an unsuitable person. Section 2518, R. S. 1881.

If she was unable or failed to educate the children, it would be the duty of the guardian to provide for them such education as the amounts of their estates would justify. Section 2521, R. S. 1881.

It appears that the children have resided with their mother. It does not appear that she has not had the control of their education, or that she has been unable or has failed to educate them, or that she has been unable or unwilling to support them. Under the statute, the guardian is to have the management of his ward's estate during minority, and is to manage it for the best interests of the ward, and is to collect all just debts due the ward. Sections 2518, 2521, R. S. 1881.

If the plaintiff failed to perform her trust, performance might be enforced against her, and she might be compelled to devote a reasonable portion of the income of the land to the support and education of the children. But the land was not a part of the estate to be managed by the guardian. The children were not to receive any certain specified amounts; their reasonable support and education were to be provided for. Only to this extent could the mother be called upon to pay out of the proceeds of the land. If it became the duty of the guardian to provide, out of their estates, for the support or education of his wards, he could call upon her to such extent. He had no right to the land. If he could show that the plaintiff neglected or refused to perform the trust created by the will, he might still be held for the actual rental value

of the land, less the amount of the proceeds received by him which he had devoted to the purpose indicated in the will.

We think that the answer was insufficient.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellee, and the cause is remanded, with instructions to sustain the demurrer to the answer.

Filed Feb. 12, 1885.