Anderson *et al. v.* Crist.

No. 13,075.

## ANDERSON ET AL. *v.* CRIST.

WILL.—*Trust.—Rents and Profits.— Widow.—Education of Children.—Execution.—Levy and Sale.—Injunction.*—A testator gave to his wife the use of all his real estate, until his youngest child should become twenty-one years of age, for the purpose of rearing and educating his children. When the youngest child should become twenty-one years old, the land was to be divided between the widow and children as the law would cast it. The widow elected to take under the will.

*Held,* that, for the purposes stated in the will, the widow took the rents and profits of the land as trustee, and, during the minority of the children, such rents and profits are not subject to levy and sale on an ordinary execution against her, and injunction will lie.

SAME.—*Creation of Trust.—Technical Words.—Intention of Testator.*—It is not necessary that technical language should be used to create a trust, but the intention of the testator, if apparent, will be carried into effect in all proper cases by declaring the donee or first taker to be a trustee for those whom the testator intended to benefit.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing,* for appellants.

*W. A. Moore* and *J. O. Marshall,* for appellee.

ZOLLARS, J.—Abraham Crist, appellee's husband, died in 1873 the owner of real estate, and left a will, one item of which is as follows:

" 2d. To my wife, Catharine Crist, I give the use of all my real estate, being about two hundred and fifty acres, where I now reside, in Adams township, Decatur county, Indiana, until my youngest child arrives at twenty-one years of age, for the purpose of rearing and educating my children. And when my youngest child arrives at age, then I desire that the said real estate shall pass to my said wife and my children—one-third to my wife, and the balance to my children or their descendants, as the law would cast it. And if my youngest child, Minnie, should die before she arrives at age, then I

desire that said real estate shall pass to my wife and children as aforesaid, when the next youngest child now living, to wit, Ada Crist, shall arrive at twenty-one years of age."

Appellee accepted the provisions of the will, and has remained upon the land, supporting the family from the products thereof. The youngest child is not yet twenty-one years of age.

In 1885 appellant Sarah Anderson recovered a judgment against appellee, and caused an execution to be issued and placed in the hands of the sheriff, appellant Welsh. Under the direction of appellant Anderson he is threatening to levy the execution upon one-third of the land, and to sell the rents and profits thereof for a period not exceeding seven years, in satisfaction of the judgment.

With the statement of the above facts, appellee's complaint against appellants closed with a prayer for a judgment enjoining them from selling said rents and profits. The court below overruled a demurrer to the complaint, and rendered judgment in accordance with the prayer thereof.

It is not necessary for us to determine just what appellee's rights in and to one-third of the land, aside from the rents and profits, are at this time, nor whether that interest, whatever it is, may be sold at this time upon an execution. Properly construed, the complaint presents but one question, and that is, what are her rights in and to the rents and profits? In other words, upon the facts stated in the complaint, does she, during the minority of the children, own the rents and profits in such a sense that they may be sold upon an execution in satisfaction of a personal judgment against her? It is alleged in the complaint, and admitted by the demurrer, that she has been, and now is, using those rents and profits in rearing and educating the children, some of whom are still minors.

The terms of the will can not be construed as an indication merely of that which the testator thought would be a reasonable exercise of discretion on the part of appellee,

leaving it, however, to her to exercise her own discretion. On the contrary, they show a purpose to govern her conduct and fix the rights of the beneficiaries.

The will, we think, very clearly makes appellee a trustee as to the rents and profits of the land, for the purposes stated. In construing wills, courts will consider the intention of the testator as manifestly implied, and will carry that intention into effect in all proper cases by declaring the donee or first taker to be a trustee for those whom the testator intended to benefit. It is not necessary that technical language should be used to create a trust. It is enough that the intention is apparent. In very many cases the courts have gone far beyond what is required here in declaring the donee or first taker to be a trustee. We cite the following: *Erickson* v. *Willard*, 1 N. H. 217; *Hunter* v. *Stembridge*, 12 Ga. 192; *Cockrill* v. *Armstrong*, 31 Ark. 580; *Bull* v. *Bull*, 8 Conn. 47; *Knox* v. *Knox*, 59 Wis. 172; 1 Perry Trusts (3d ed.), sections 112, 117, and cases there cited.

Appellants' counsel contend that appellee should be held to be the absolute owner of the rents and profits of the land, free from any trust in favor of the children, and base that contention largely upon the fact that she is their mother, and, as such, under obligation to rear and educate them.

It has been said in some of the cases, and by some of the text-writers, that there should be a distinction between cases where bequests are made to parents for the benefit of their children, and cases where bequests for such purposes are made to strangers. There may be ground for such a distinction, based upon the presumption that, where bequests are made to strangers, the purpose is to provide a maintenance and education for the children which they would not have had but for such bequests, and that where the bequests are to parents, they are simply to better enable them to do that which they are already under obligations to do. But after all, each case will depend upon the intention of the testator, which must be ascertained in one case as in the other. Mr.

Perry, in his work on Trusts, *supra,* at section 117, says: "There is another variety of cases, where trusts are sometimes implied from the words used, though an express trust is not declared, as where property is given to a parent or other person standing in the relation of parent, and some directions or expressions are used in regard to the maintenance of his family or children. The question to be decided in this class of cases is, as in the others, did the settlor intend to create a trust and impose an obligation, or did he merely state incidentally the motive which led to an absolute gift?" Under that section the author cites many cases where a trust was implied by the court, and where the language of the wills was much less mandatory than in the case before us. See *Whiting* v. *Whiting,* 4 Gray, 236; *McRee* v. *Means,* 34 Ala. 349; *Andrews* v. *Bank of Cape Ann,* 3 Allen, 313; *Warner* v. *Bates,* 98 Mass. 274; *Williams* v. *McKinney,* 9 Pac. Rep. 265; *Chase* v. *Chase,* 2 Allen, 101.

It is declared in the will involved here, that appellee shall have the use of the land for a specific purpose—for the purpose of rearing and educating the testator's children. But for the will the rents and profits of two-thirds of the land would have gone to the children upon the death of the father, under the laws of descent. Evidently, it was not his purpose to deprive them of what they would have taken under the law, and leave them without any means of sustenance and education. Doubtless, the testator had full confidence in his wife, but there is nothing in the will that will justify an inference that he intended to take from the children what would otherwise have been theirs, and leave their maintenance and education dependent upon the will and discretion of the wife. On the contrary, his purpose seems to have been to provide for them a more certain and ample support.

As already stated, but for the will the widow would have been entitled to the rents and profits of one-third of the land in severalty. The will, however, gives to her the rents and profits of the whole of the land until the youngest child shall

Anderson *et al. v.* Crist.

have arrived at the age of twenty-one years. That provision of the will appellee accepted instead of what she would have taken under the law.

By her acceptance of the provisions of the will she became entitled, for the purpose therein stated, to what she would not have been entitled under the law; and by the same acceptance she consented that the rents and profits of the one-third of the land, which would have been hers in severalty, should become a part of the general fund for the purpose named in the will.

We are not informed by the record whether or not the debt upon which the judgment against appellee rests was contracted in the support of the children. But whether it was or not, the rents and profits of the land can not be reached in the mode attempted by appellants—by a personal judgment against appellee, and an ordinary execution thereon. She holds the rents and profits for a specific purpose. The children have a right to demand that they shall, so far as needed at least, be devoted to that purpose. The demurrer admits as true the averment in the complaint that the whole of the rents and profits of the land have been, and now are, used for the purpose designated in the will. Appellee can not voluntarily divert them from that purpose. And what can not be thus voluntarily done, can not be done indirectly by means of an ordinary judgment and execution.

It results from what we have said that the court below did not err in overruling the demurrer to appellee's complaint.

In our conclusion that appellee holds the rents and profits in trust for the purpose named in the will, we are fully sustained by the authorities already cited, and by the cases of *Reed's Adm'r* v. *Reed,* 30 Ind. 313, *Sibert* v. *Cox,* 100 Ind. 392, and *Critchell* v. *Brown,* 72 Ind. 539.

Judgment affirmed, with costs.

Filed Jan. 17, 1888.