(Decided 5th December, 1890.)

EUDOCIA STANSBURY *vs.* JOHN HUBNER, and others.

*Devise with Condition—Restraint of Alienation.*

A devise of land to one, "and the heirs of his body, so long as they hold and till the same," carries an estate in fee-tail, the condition being inoperative and void, as an attempt to restrain alienation.

APPEAL from the Circuit Court for Baltimore County, in Equity.

This appeal was taken from a *pro forma* decree dismissing the bill of the complainant, and releasing the defendants from their contract of purchase of the lands from the complainant in the proceedings mentioned. The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, McSHERRY, and BRISCOE, J.

*W. Frank Mitchell,* and *George Yellott,* for the appellant.

*George Whitelock,* and *Samuel D. Schmucker,* for the appellees.

IRVING, J., delivered the opinion of the Court.

This is a bill in equity upon a case stated, to procure the specific performance of a contract for the sale of land. The purchaser refused to comply on account of a supposed defect in the vendor's title. The appellant claims title under the will of her husband, Thomas Stansbury, (the younger,) who was devisee of the property now involved, under the will of Thomas Stansbury, Senior, made in November, 1816. The will of Thomas Stansbury, (the younger,) husband of the appellant, was made 31st March, 1856.

The clause of the will of Thomas Stansbury, Senior, which gives rise to this suit is as follows: "I give and bequeath unto Deborah Stansbury and Anne Powell, my daughters, all that tract of land whereon I now live, called 'Daniel's Gift,' together with 'Cuss Lot,' and 'Tracy's Park,' during their natural life, and at their decease, the above three tracts of land mentioned above, I will and give unto my grandson, Thomas Stansbury, son of my son John, excepting the parts hereafter bequeathed to him, and the heirs of his body, so long as they hold and till the same; should he die without heirs of his body, my will and desire is that my grandson, Thomas Taylor should have it, him, his heirs, forever; and if Thomas should die without an heir, then the aforementioned land to fall unto my grandson James Taylor, to him, his heirs and assigns forever."

The question in the case arises on the construction and effect of the words "so long as they hold and till the same" which follow the words "to the heirs of his body."

This devise was of an estate tail general to Thomas Stansbury, (Jr.,) and the only contention is as to the operation of the words which follow the limitation of the estate to the heirs of Thomas Stansbury's body. By regular conveyances in which all parties interested united, this estate tail was, on the 14th of August, 1817, docked, and turned into a fee in Thomas Stansbury, (Jr.) The life tenants are all dead, and Thomas Stansbury, (Jr.,) died in 1857, leaving an heir of his body who is now dead; but by his will dated as hereinbefore stated, he gave all his property of every kind to his wife, the appellant, who has continuously held and tilled the same ever since her husband's death. The contract under which she agreed to sell to the appellees was dated May 28th, 1890. These facts are all a part of the case stated in the record.

There can be no doubt that the testator intended to give the property to his grandson, Thomas Stansbury, and the heirs of his body so long as he had any, for there is no effort to devise over, except on failure of such heirs. The devise over was bad for want of proper restriction of such failure; and we only advert to it for the purpose of noting the fact that there was no attempt to devise over to take effect because of failure to hold and till the land; but only on failure of heirs of the body.

It was a condition subsequent which was attempted to be imposed on the devisee and the heirs of his body; and that condition was, in our opinion, wholly inoperative and void. It was an attempt to do that which the law will not permit to be done. He undertakes to prescribe the way in which the property was to be enjoyed

by.the holders thereof, as his devisees ·in fee tail, which estate by the docking of the entail has become a fee; and which estate by force of the Act of 1820, would have descended as a fee even without the docking conveyances. For some reason, not disclosed, but possibly with the hope of promoting thrift and preventing the squandering of the estate, the testator tries to prevent their failure to cultivate the land, and endeavors to insure its being kept in the family, by making its retention a condition of continuing to hold it. The devise is to the grandson "and the heirs of his body so long as they hold and till the same." Manifestly it is a condition the testator designed should follow the land into the hands of the successive takers as heirs of the body of the devisee. To "hold" in that connection must mean " to retain " " to keep." These are meanings assigned to the word in *Worcester's Dictionary*, and are the only meanings which make sense in that connection.

In *"Andrew's Dictionary of Law,"* as relating to land, it is said to embrace the idea "of actual possession." The same authority says that, in the *habendum* clause of a deed "to have and to hold, &c.," the word "to hold" includes the two fold idea of actual possession of the thing and being invested with the legal title. The definition, in *Burrill's Law Dictionary*, of the word "hold" is to the same effect. In *Leazure vs. Hillegas,* 7 *Sergeant & Rawle,* 320, it has the meaning of "retain." It would seem therefore to be a plain attempt to restrain alienation, which is void as against public policy.

"Conditions are not sustained when they are repugnant to the nature of the estate granted, or infringe upon the essential enjoyment and independent rights of property, and tend manifestly to public inconvenience. A condition annexed to a conveyance in fee, or by devise that the purchaser or devisee should not alien, is unlawful and void." 4 *Kent's Commentaries,* 143-4; 5 *Vin.*

*Ab.*, *p.* 103, *pl.* 22; *Gleason vs. Fayerweather*, 4 *Gray*, 348. The condition under consideration more clearly indicates a design to restrain the alienation of the estate devised, than the language of the will in *Newkerk vs. Newkerk*, 2 *Caines Rep.*, 346; where the devise was to persons "in case the same continue to inhabit the town of Hurley, otherwise not." In this last mentioned case the Court held that it was in restraint of alienation and consequently void. The *pro forma* decree dismissing plaintiffs' bill will be reversed, and the cause will be remanded, that a decree may pass for the specific performance of the contract of sale set up.

*Decree reversed, and*

*cause remanded.*

(Decided 5th December, 1890.)