RANDALL L. TAYLOR, and others, in equity,

*vs.*

JACOB J. BROWN, and another.

Franklin.    Opinion May 31, 1895.

*Will.    Absolute Gift.    Life-Estate.*

A testator gave by will to his widow real and personal estate and in the same clause of his will added these words: "And at her decease what remains I wish to be equally divided between . . . children of my wife's sister."

*Held;* That an estate in fee passed to the widow in the property named; and if the testator intended a devise to his widow for life only and then a devise over to the children of his wife's sister, he failed to use appropriate terms to effectuate such an intention.

Where a testator makes an absolute gift and then expresses a wish as to how the donee may dispose of a portion of it before the donee's death, *held;* that the title to the property having been once given away cannot be regained by the hand that gave it away; and that however strong the language of recommendation or request may be, a trust will not be implied, if such a construction of the words will be repugnant to, or inconsistent with, other parts and positive provisions of the same will.

*Copeland* v. *Barron*, 72 Maine, 206, affirmed.

ON REPORT.

This was a bill in equity, heard on bill and answers and reported to the law court, to determine the title to the property named in the first clause in the will of Josiah A. Judkins, late of Farmington, viz: a construction of the first clause in the will

as to the devise and bequest to Sila Judkins, wife of the testator. The bill was brought by the plaintiff as executor of the will, who is an heir and legatee under the will, joined by all the other heirs and legatees, against the defendants who are named in the first clause of the will, and children of a sister of the testator's wife.

The case is stated in the opinion.

*J. S. Wright*, for plaintiffs.
*J. C. Holman*, for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

PETERS, C. J.    Josiah A. Judkins executed his will, containing this clause : "I will, devise and bequeath to my beloved wife, Sila Judkins, my home lot and buildings thereon, situated at West Farmington, near the depot, and known as the Davis stand, and also all my household goods, beds and bedding, and two hundred dollars in money ; and at her decease what remains I *wish* to be equally divided between Jacob J. Brown and Nellie Washburn, children of my wife's sister."

There can be no doubt that a title of an estate in fee passed to the devisee in the property named.    The question is whether that fee was so far limited to the lifetime of the devisee that there was a devise over of such of the devised estate as remained in existence and unexpended at her decease.

We think it clear that this case falls in the category of a long list of cases where it has been held that, if the testator intended a devise to one person for life and then a devise over to another, he or she has failed to use appropriate terms to effectuate such an intention.    The trouble in many cases is that a testator seeks to accomplish two or more inconsistent purposes in one bequest. In the present case the testator makes an absolute gift, and then expresses a wish as to how the donee may dispose of a portion of the estate before her death.    The title of property once given away cannot be regained by the hand that gave it.    This principle will be found supported and variously illustrated by the doctrine declared in *Copeland* v. *Barron*, 72 Maine, 206, and

the cases there cited and examined.   Later cases in this State are also to the same effect.   The rule here applied sometimes operates harshly, no doubt, in defeating the real intention of testators ; but it is a safer rule than one which for want of strictness would be attended in its application with all sorts and shades of doubt and uncertainty.

The rule is the same in equity as at law.   However strong the language of recommendation or request may be, a trust will not be implied if such a construction of the words will be repugnant to, or inconsistent with, other parts of the same will, as by cutting down an absolute estate, first clearly given, to an estate for life.   Mr. Perry (Perry on Trusts, 4th Ed. § 114,) quotes, in his very clear discussion of this principle, the statement of the rule as given by Lord Cottenham, in these words : " Though recommendation may in some cases amount to a direction and create a trust, yet that being a *flexible* term, if such a construction of it be inconsistent with any *positive* provision in the will, it is to be considered as a recommendation and nothing more." " The flexible term," says Mr. Perry, " must give way to the inflexible, if the two cannot stand together as they are expressed."

The parties may have fees of counsel for a reasonable amount according to the condition of the estate, to be determined by the justice who makes the final decree.

*Decree according to the opinion.*