ELIAS A. BLACKSHERE vs. THE TRUSTEES OF THE SAMUEL READY SCHOOL FOR FEMALE OR-PHANS.

*Devise and Legacy—Precatory Words After an Absolute Gift Held not to be a Restraint on Alienation.*

A testator devised the residue of his estate to a corporation for a charita-ble and educational purpose, declaring his "intention to make the said corporation the residuary legatee and devisee absolutely of this my last will and testament." By a subsequent clause in the will the testator provided as follows : "it is also my wish that the vacant land should be rented for terms of years or leased for ninety-nine years under and subject to the payment of such annual ground-rents as said trustees shall deem expedient and advisable." The corporation agreed to sell a part of the vacant land to the appellant in fee, who objected that the corporation was authorized only to lease such land and could not con-vey a valid fee-simple title. *Held*, that the precatory words contained in the latter clause of the will were not intended to be a restriction upon, or limitation of, the absolute estate previously given, and that the corporation is authorized to convey a fee-simple title to the said va-cant land.

Appeal from a decree of the Circuit Court, No. 2, of Balti-more City (DENNIS, J.), directing specific performance of the contract to purchase the land in question. The " Trustees of the Samuel Ready Asylum for Female Orphans " were incor-porated by the Act of 1864, ch. 102, and the corporate name was changed by the Act of 1894, ch. 135, to " The Trustees of the Samuel Ready School for Female Orphans." Mr. Ready died in 1871, leaving the will referred to in the opinion of the Court. The value of the property passing under the will was about $421,000, of which he left about $50,000 to six nieces and two nephews, and the balance, about $371,000 to the corporation. Of this balance, $328,000 was invested in real estate, including ground rents, and $43,000 in personal property. Of the $328,000 invested in real estate, $268,000 was in ground rents, of which the trustees were compelled to take back ground rents of the value of $161,727, represented

by twenty-five pieces of property, upon which the lessees had failed to pay the annual rent. The trustees were also compelled to take back fifteen pieces of property in Baltimore County, upon which Mr. Ready had loaned $20,750, so that $182,477 worth of real estate, which, at the time of Mr. Ready's death was supposed to be well invested and which was yielding $10.949 per year income, was thrown back upon the trustees and had to be handled by them. The trust estate has, however, been so managed, that on the 31st of December, 1900, the assets were of the value of $542,877.12. This sum does not include the amount invested in the land, comprising about sixteen acres in Baltimore City, where the home is located, which with the buildings and furniture represents an expenditure of $206,376.36, and which, with the exception of $6,000.00 given by friends of the institution, has been paid for out of the income. The institution was put into operation in the fall of the year 1887.

Included in the rest and residue of Mr. Ready's estate devised to the appellee was a large lot of vacant land fronting on the south side of North avenue. At the time of Mr. Ready's death this was a farm, the streets not being opened through it. Since that time, however, the streets have been opened, graded and paved and the land, comprising about 3,217 front feet, has come into the market. On the 25th of October, in the year 1901, a contract of sale was duly entered into between the appellee and the appellant, by which the appellant agreed to buy and the appellee agreed to sell for the price of nine thousand dollars, the lot mentioned in the contract of sale fronting 137 ft. 3¾ in. on North avenue between Wolfe and Durham streets with an even depth of 200 ft. to an alley.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*John P. O'Ferrall,* for the appellant.

*John N. Steele* and *Albert C. Ritchie* (with whom were *Steele, Semmes, Carey & Bond* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court:

The decision of this case depends upon the construction to be placed upon the 11th and 12th clauses of the last will and testament of Samuel Ready, late of Baltimore City, deceased.

The object of the bill is to compel the specific performance of a contract of sale, made on the 25th of October, 1901, between the appellant and appellee, of a vacant lot of ground situate in Baltimore City. The appellee is a corporation duly incorporated under the laws of Maryland, under the name of the "Trustees of the Samuel Ready Asylum for Female Orphans," and the object and purpose of the corporation is declared by its charter to be the founding and maintaining within the State of Maryland of an asylum for female orphans between the ages of five and thirteen years, the entire management of which shall be vested in the trustees or corporation.

Samuel Ready died on or about the 20th of November, 1871, leaving a large and valuable estate of real and personal property, a large portion of which he devised and bequeathed by his last will and testament to "The Trustees of the Samuel Ready Asylum for Female Orphans."

By the 11th item of his will, he devised and bequeathed to the Trustees of the Samuel Ready Asylum for Female Orphans as follows : "All the rest, residue and remainder of my estate and property of every kind and description whatsoever, real, personal and mixed and wheresoever situate or being which I now have and hold and to which I am legally and equitably entitled and which I may have and hold and be entitled to legally or equitably at the time of my death to it the said corporation of the Trustees of the Samuel Ready Asylum for Female Orphans as aforesaid and to said corporation absolutely and forever. It being my meaning and intention to make the said corporation the residuary legatee and devisee absolutely of this my last will and testament."

And by the latter part of the 12th clause of the will it is provided : "It is also my wish that the vacant land should be rented for terms of years or leased for ninety-nine years, under and subject to the payment of such annual ground rents, as said trustees shall deem expedient and advisable."

It is admitted that the vacant lot of ground mentioned in the contract of sale of October 25th, 1901, is a part of the rest and residue of the estate devised to the appellee by the 11th clause of the testator's will, but the appellant insists that the appellee cannot convey the property by a good and merchantable title, in fee-simple, because the fifth paragraph of the 12th clause operates as a restriction upon the absolute estate, and limits the power of alienation to renting the property for terms of years, or leasing it for ninety-nine years. The appellant for these reasons declined to take the property and contends that the devise contained in the 11th clause is controlled by what follows in the 12th clause, as to the power of alienation.

The question then arises, what estate did the trustees of the Samuel Ready Asylum for Female Orphans take in the vacant lands under the will of Samuel Ready?

The conclusion reached, and the determination of this question by the Circuit Court of Baltimore City, we think, was clearly right, and that is, that the 12th clause of the will "was not intended by the testator to be a restriction or limitation upon the absolute estate previously given the appellee, by the will, but was designed to be only in the nature of a suggestion or advice to the appellee."

The cardinal rule in the construction of wills, is to ascertain the intention of the testator from the whole will, and to give effect to this intention, if it be consistent with the rules of law. In *Williams' Ex's.* v. *Worthington*, 49 Md. 581, it is said that in construing wills containing precatory words, a distinction has been drawn between cases where the gift to the first devisee is for life only, and those in which the gift is absolute, with superadded words. In *Negro Chase* v. *Plummer*, 17 Md. 176, this Court in speaking of the effect of precatory words said: "But such expressions are not always imperative; they are deemed to be flexible in character and must yield, if the imputed interpretation be against the rules of law or so inconsistent with other provisions in the will that both cannot stand together, or if it appear from the whole will and the nature of

the property, that the testator meant to depend on the justice and gratitude of the donee, or reposed in him a power to execute the supposed trust or not, at his discretion."

In the will now before us, the testator by the eleventh clause of the will gave an absolute estate to the appellee, but, as we have seen, the twelfth clause contains the following words, as to the objects of the gifts, "it is also my wish that the vacant land should be rented, &c., as said trustees shall deem expedient and advisable."

Now it has been settled by repeated decisions of this Court that the use of words of this character in a will does not always restrict the absolute estate or cut down the prior absolute gift, but are to be construed as expressive of the testator's wish and desire without imposing an imperative direction. *Jarman on Wills*, 389. *Pratt* v. *Sheppard Hospital*, 88 Md. 610; *Nunn* v. *O'Brien*, 83 Md. 198. Looking to the whole will in this case, we do not think that it was the intention of the testator to tie up and to hamper the alienation of this large tract of vacant land, thereby making it practically valueless and useless to the devisees. As stated by the appellee in his brief, to hold the clause in question mandatory will do good to no one, but will result in serious loss to the appellee and will cripple the charity that was the chief concern of the testator during the latter years of his life and to which he gave almost his entire fortune.

But apart from this, even if it be conceded that the appellant's contention that the words used by the testator in the twelfth clause of the will are mandatory, the latter clause would clearly be repugnant to the absolute estate previously devised, and must be declared void. We do not deem it necessary to cite the numerous decisions in this State, in support of this position. The cases of *Smith* v. *Clark*, 10 Md. 186, and *Stansbury* v. *Hubner*, 73 Md. 228, referred to by the counsel of the appellees in their brief, are fully in point.

We are therefore of the opinion for the reasons heretofore stated that the lower Court was right in the construction of

the will of Samuel Ready, deceased, and its decree will be affirmed.

> *Decree affirmed, the costs to be paid by*
> *the trustees out of the trust estate.*

(Decided April 1st, 1902.)