JAMES G. CLARK ET AL., *vs.* REBECCA F. CLARK
ET AL.

*Restraint on Alienation—Constructon of a Devise—Precatory Trust.*

Conditions or limitations in restraint of alienation cannot be validly annexed to a grant or devise of an estate in fee, because such limitations are repugnant to the inherent nature of the estate granted and tend to public inconvenience.

A testatrix gave the residue of her estate "to all my children absolutely share and share alike equally to be divided between them." By a subsequent paragraph of the same clause the testatrix declared as follows: "It is my will and direction that my property hereby given to my said children shall not be sold for the purpose of division of proceeds of sale among them until the end of ten years from the time of my death, un-

less all my said children agree that such sale and division shall be made between them before that time ; and in case all of them do thus agree in writing to make such sale or division of my property, before said period°of ten years, then I do authorize them to make said sale or partition of my property, so that each one may receive his or her share. I express the wish that my children shall continue to live together as they now do, and use the income of my property for their support until the expiration of said ten years from my death." *Held*, that the second paragraph imposes a restraint upon the alienation of the property absolutely given to the children in the first paragraph since under it the property cannot be sold for the purpose of partition for ten years without unanimous consent of all the devisees and that this restraint upon alienation is contrary to the policy of the law and void.

*Held*, further, that the language of the second paragraph cannot be construed so as to create a precatory trust but merely expresses the wish of the testatrix as to the manner in which the devisees should enjoy the property absolutely given to them.

Appeal from the Circuit Court for Baltimore County (BURKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Ralph Robinson* (with whom was *N. P. Bond* on the brief), for the appellants.

*D. G. McIntosh* and *D. G. McIntosh, Jr.*, for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Baltimore County, in equity, passed in a special case stated, instituted to procure a construction of the will of the late Martha E. Clark.

The first three clauses of the will make sundry pecuniary legacies and specific bequests not material to the issue in this case. The questions calling for construction arise out of the provisions of the fourth clause which disposes of the residue of the estate. That clause consists of two paragraphs and is as follows :

"*Fourth :* I give and devise all the rest, residue and re-

mainder of my property and estate of every kind to all my children absolutely, share and share alike, equally to be divided between them, the children of any deceased child to take and have the share to which their parent would be entitled if living.

"It is my will and direction that my property hereby given to my said children shall not be sold for the purpose of division of proceeds of sale among them until the end of ten years from the time of my death, unless all my said children agree that such sale and division shall be made between them before that time, and in case all of them do thus agree in writing to make such sale or division of my property before said period of ten years, then I do authorize them to make said sale or partition of my property, so that each one may receive his or her share, I express the wish that my children shall continue to live together as they now do, and use the income of my property for their support until the expiration of said ten years from my death."

The testatrix was a widow and died seized of real estate worth about $100,000, and possessed of personal property, consisting of stocks and chattels, of the net value after the payment of her debts of about $34,000. She left surviving her one son and six daughters all of whom were unmarried adults. At the time of her death and for some years prior thereto she had maintained both a town and country house between which she divided her time and all seven of her children resided at home with her.

By her will the testatrix named her son and one of her daughters as executors and they duly qualified as such and have substantially completed the administration of the personal estate. The present proceeding was filed on the equity side of the Circuit Court for the construction of the will and all of the children were made parties to it in their own right and the two who were named as executors were also made parties in that capacity.

The case stated propounds seven separate questions of construction to which it asks for answers. All of these ques-

tions relate to the operation and effect of the second paragraph of the fourth clause of the will, upon the assumption that it is valid and operative to restrict or limit the absolute gift of the residue of the estate made to the testatrix' children by the first paragraph of the same clause. If the second paragraph be valid and operative the questions put by the case stated have a material importance and must be answerable in detail. If on the other hand that paragraph be inoperative or void the questions have no foundation on which to rest and will require no further notice at our hands. It therefore becomes necessary to determine *in limine* the legal character and effect of the second paragraph.

There is no obscurity in the language employed by the testatrix in the fourth clause of her will. By the first paragraph she gives in adequate and unmistakable terms the entire legal and beneficial estate in the residue of her property real and personal to her seven children absolutely with the provision that the issue of any deceased child should take the share to which its parent if living would have been entitled. The gift of the entire fee-simple estate is made directly and immediately to the beneficiaries with no suggestion of the custody or control of the property for their use by any trustee or other intermediary.

The second paragragh of the clause does not in fact attempt to cut down this absolute estate of the children to a life or other less estate or to affix to it any condition upon the breach of which it will terminate or pass to other persons, the attempt is simply to fetter the alienation and restrict the method of enjoyment by the children of the confessedly absolute estate given to them by the first paragraph. The desire expressed by the testatrix is merely that they shall not otherwise than by unanimous consent sell the property *for purposes of partition* for ten years and that for such time they should continue to live together, and jointly use the income of the estate. This provision of the will if effective would practically amount to a restraint for ten years of all alienation by any child of its share of the estate.

We have no difficulty in arriving at the conclusion that this attempted imposition of restrictions upon the method of alienation and enjoyment of the absolute estate given to the testatrix children was contrary to the policy of the law and therefore inoperative and void. The authorities agree that conditions or limitations in restraint of alienation or essential enjoyment of an estate in fee cannot be validly annexed to the deed or devise by which the estate is created, because they are repugnant to the inherent nature and qualities of the estate granted and tend to public inconvenience. 4 *Kent's Com.*, 143–4; *Vin. Ab.*, p. 103; *Gray's Restraints upon Alienation*, par. 47 to 54; *Stansbury* v. *Hubner*, 73 Md. 231; *Warner* v. *Rice*, 66 Md. 440; *Downes* v. *Long*, 79 Md. 390; *Blackshere* v. *Samuel Ready School*, 94 Md. 777; *Mandelbaum* v. *McDonnell*, 29 Mich. 78; *Potter* v. *Couch*, 141 U. S. 296.

We are not able to agree with the contention of the appellants that the fourth clause of the will creates a trust by implication of the residue of the estate for the period of ten years which the Court in order to effectuate the intention of the testatrix should put into operation by the appointment of trustees to hold for that period the property of which the residue consists. To our minds no intention whatever is manifested by the language used in that clause to create any trust at all.

The first paragraph of this clause, as we have already said, gives, by competent and appropriate words of unmistakable meaning, the residue of the estate absolutely to the testatrix children. There is no suggestion there of anything short of absolute ownership. The only foundation afforded by the will for implying even a precatory trust in reference to the residue of the estate is the expression by the testatrix of her wish or desire as to the manner in which her childern should manage and enjoy in *for their own benefit.* There is no suggestion in the will that they are to hold the property for any other object or purpose.

The circumstances under which a trust will be held to arise from the use of precatory words has received frequent consideration from this Court and the law upon that subject has

been exhaustively reviewed in the recent case of *Pratt et al* v. *The Shepherd, &c., Hospital,* 88 Md. 610. In that case we said "If there be one thing settled on this subject of the effect of precatory words it is that such words are not always imperative. 'They are deemed to be flexible in character and must yield if the imputed interpretation be against the rules of law or so inconsistent with other provisions of the will that both cannot stand together' * * * 'Where the words of a gift point to an absolute enjoyment by the donee himself the natural construction of subsequent precatory words is that they express the testator's belief or wish without imposing a trust.' 1 *Jar. on Wills* (5 Am. ed.) star page 389."

In the case now before us the words employed in making the gift of the residue of her estate to her children clearly point to an absolute enjoyment of that residue by the donees themselves and therefore the subsequent precatory words used by the testatrix should be construed as merely expressive of her wishes as to the manner in which the children should enjoy the legal estate in the property and not as intended to create a trust.

Having reached the conclusion that the restriction or limitation attempted to be imposed by the fourth clause of the will upon the absolute devise thereby made of the residue of the estate to the testatrix children is inoperative and void it becomes unnecessary for us to notice in detail the different questions of construction raised by the case stated. It is sufficient to say that each one of the seven children of the testatrix took under the fourth clause of her will at the time of her death an undivided absolute legal estate in one-seventh of the real estate thereby disposed of, and each will be entitled to receive absolutely in due course of administration one-seventh of the personal estate thereby disposed of.

The decree appealed from will be affirmed in so far as it declares that no trust was created by the will in question and will be reversed in so far as it recognizes and attempts to enforce the restrictions attempted to be placed by the fourth clause of the will upon the absolute estate thereby given to

the testatrix children in the residue of her estate, and the case will be remanded for further decree in accordance with this opinion.

> *Decree affirmed in part and reversed in part and cause remanded for further decree, costs to be paid out of the personal estate in the hands of the executors.*

(Decided June 9th, 1904.)