### RUSSELL v. UNITED STATES TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. February 24, 1905.)

#### No. 115.

WILLS—CONSTRUCTION—WORDS CREATING TRUST.

    A testator willed and bequeathed two-thirds of all his property to his wife, and one-third to his daughter. The will then contained the following: "And it is my wish and expectation that when my wife J. shall make her will disposing of the property left by me that she will generously remember the children of my deceased brother W." *Held* that, in the absence of any evidence of circumstances which might affect its construction, such clause did not create a trust in favor of the children of the deceased brother.

    [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1587–1589.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the Circuit Court, Southern District of New York, sustaining a demurrer to, the bill on the ground that it does not state facts sufficient to constitute a cause of action. The suit was brought to impress property held by defendant with a trust alleged to have been created by the will of one Isaac D. Russell. The opinion of the Circuit Judge will be found in 127 Fed. 445.

A. L. Livermore, for appellant.

E. W. Sheldon, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The will of Isaac D. Russell gave to his wife Jane C. Russell "two-thirds of all [his] property real and personal which shall also include or be in lieu of dower." He gave to his daughter the remaining one-third. The will then proceeds as follows:

"At this date my mother is living very aged and feeble and who may survive me, and dependent upon her children for support, I therefore request my dear wife Jane in whose affection and generosity I have full confidence to pay to her or her caretaker such sum or sums of money as may be requisite for her every comfort, or otherwise to pay to my brother Henry one half the sum expended by him for our dear mother's support and the same request and conditions are intended to be applicable to my sister Catherine C. Johnson so long as she remains in America: and it is my wish and expectation that when my wife Jane shall make her will disposing of the property left by me that she will generously remember the children of my deceased brother William and such others as she may choose."

The plaintiff is a child of the "deceased brother William," and in the will of the wife, Jane C. Russell, no provision was made for him. He contends that the executor and trustee under the will of Jane C. holds all the property belonging to her estate in trust, and impressed with a charge to pay to him such sums as the court shall determine to be required to be paid by the terms of Isaac D. Russell's will.

We fully concur in the opinion of the Circuit Judge. "It is a trite saying that no will has a brother, and it may also be said that the citation of numerous authorities, in most instances, is of little assistance to the court, as each will must be construed in the light of peculiar surrounding circumstances, the scheme disclosed, the language employed, and the intention of the testator, gathered from the general situation." Collister v. Fassitt, 163 N. Y. 286, 57 N. E. 490, 79 Am. St. Rep. 586. There are some words, such as "give, devise, and bequeath," that have a fixed and definite meaning, which no amount of testimony as to surrounding circumstances could in any wise modify. But there are numerous other phrases, which, when used in a will, may be interpreted one way or another, according to what the whole case may show to have been the "will" of the testator when he executed the instrument. In Colton v. Colton, 127 U. S. 300, 8 Sup. Ct. 1164, 32 L. Ed. 138, the Supreme Court, citing many authorities, indicated that the meaning of the words used by a testator is to be deduced from a consideration of the whole instrument, and a comparison of its various parts in the light of the situation and circumstances which surrounded the testator when the instrument was framed. It adds:

"The construction put upon the words in one will has been supposed to furnish a rule for construing the same words in other wills. * * * We cannot say that this principle ought to be totally disregarded. It should never be carried so far as to defeat the plain intent, if that intent may be carried into execution without violating the rules of law. It has been said truly (3 Wils. 141) 'that cases on wills may guide us to general rules of construction; but, unless a case cited be in every respect directly in point, and agree in every circumstance, it will have little or no weight with the court, who always look upon the intention of the testator as the polar star to direct them in the construction of wills.'"

The words used in this Colton Case were:

"I recommend to her the care and protection of my mother and sister and request her to make such gift and provision for them as in her judgment will be best."

Upon a consideration of the surrounding circumstances, which were fully set forth, the court held that the ambiguity which resided in the word "request" was to be resolved in favor of a construction which gave the mother and sister a beneficial interest in the estate.

Decisions in other cases where the surrounding circumstances are fully disclosed are of little weight here, where the bill makes no averments as to such circumstances, and where the cause comes up on demurrer, no proofs being taken. The phrase "it is my wish and expectation" is, to say the least, as ambiguous as the words "I recommend and request"; and we have nothing to help resolve the ambiguity except the text of the will itself. When the whole instrument is considered, it is apparent that the testator has chosen different forms of expression for different objects, and it is fair to assume that his choice was intelligent. To his wife and daughter he wills and bequeaths two-thirds and one-third, respectively, of his real and personal property. When he is providing for the support of his mother and sister—an obligation to be immediately assumed—he, with full confidence, requests. When he refers to generous remembrance of the children of his brother and others, such remembrance to find expression at some time in the future, which may be remote, he says "it is my wish and expectation." Why did he change the form of expression? Why did he not with full confidence request that such remembrance be made? "Wish and expectation" import hope, and "hope" presupposes the possibility of disappointment. If the change of language was made with an intelligent purpose, it would seem that such purpose contemplated that over the wished-for remembrance of the nephews the sound discretion of the wife was to be more fully exercised than over the provision for the support of mother and sister. It may be that a disclosure of all the surrounding circumstances might induce a court to construe the words "wish and expectation" as complainant contends they should be, but with nothing but the will before us they cannot be given such meaning. We concur with the Circuit Judge in the conclusion that the testator's expression is one of hope and confidence rather than of command.

No application was made in the Circuit Court for leave to amend the bill so as to set forth surrounding circumstances, and therefore no such leave was granted. There is no assignment of error for failing to grant such leave, and upon the argument in this court the appellant took his stand strictly upon the text of the will.

The decree of the Circuit Court dismissing the bill is affirmed, with costs.