In re Final Report of G. E. Campbell, Executor.

Cargill Commission Company et al., Appellants, v. G. E. Campbell, Executor, et al., Appellees.

No. 40259.

February 18, 1930.

*Van Oosterhout & Kolyn,* for appellants.

*Klay & Klay,* for appellees.

Albert, J.—Francis Taylor died testate on March 30, 1927, the material part of his will being as follows:

(1) Directs the payment of all just debts, funeral expenses and costs of administration.

(2) "To my beloved wife, Elizabeth A. Taylor, I hereby devise, give and bequeath all of my property, both real and personal which I may own or be entitled to at my decease.

(3) "I make the above bequest knowing that my beloved wife, Elizabeth A. Taylor, will see that all the property both

real and personal which she may own at the time of her decease shall go to my beloved sons and daughters.

(4) "It is my wish that whenever a certain real estate mortgage of $15,000 now owned by me has been paid to my beloved wife hereinbefore named that she divide the amount among my beloved sons and daughters share and share alike. Names of my beloved sons and daughters are [here follow the names of three sons and five daughters]."

In the administration of this estate, the executor filed a final report, in which he made reference to the fact that he had collected this $15,000 mortgage.

The Cargill Commission Company obtained a judgment against William and Frank Taylor, both sons of the deceased, Francis Taylor, and named in his will, in the sum of $2,457.09, with interest and costs. Henry Giebink, as receiver of the Northwestern Bank of Ireton, obtained judgment against William Taylor and Phoebe Taylor, his wife, in the sum of $9,160.47, with interest and costs. Executions were issued on these judgments, and the administrator and surviving widow were garnished as to the shares of William and Frank Taylor. The Cargill Commission Company and the receiver filed objections to the final report of the executor herein, and insist that William and Frank Taylor are entitled to share in the proceeds of the $15,000 mortgage above referred to. This gives rise to the only question in the case, to wit: Did these two sons have any interest in the proceeds of said mortgage, under the terms of the said will of Francis Taylor?

It is their contention that, under the terms of this will, a trust was created in the hands of Elizabeth A. Taylor of the proceeds of this $15,000 mortgage, and that thereunder, the proceeds of said mortgage were to be divided, share and share alike, among the sons and daughters of Francis Taylor.

By referring to the second section of the will, it will be noted that Elizabeth A. Taylor had complete title to all of the property of the deceased. Section 3 is simply an expression of confidence that the wife will do certain things with her property. Section 4 is the one about which the conflict rages. The testator therein expresses a "wish" that, when the $15,000 mortgage is paid to the wife, she divide the proceeds thereof among the children, share and share alike. Does this create a trust, or is it

simply a wish on the part of the deceased, that is binding on no one? What the intention of the testator was, is the question for solution.

The use of the word "wish" has been many times before the courts, and in many instances has been held to create a trust, and in an equal or larger number of instances, has been held not to create a trust. Whether it does or does not create a trust depends wholly upon its setting in and the context of the will.

In the following cases it is held to create a trust: *Phillips v. Phillips,* 112 N. Y. 197 (19 N. E. 411, 8 Am. St. 737) ; *Strout v. Strout,* 117 Me. 357 (104 Atl. 577) ; *Brasher v. Marsh,* 15 Ohio St. 103; *Meehan v. Brennan,* 16 App. Div. 395 (45 N. Y. Supp. 57, 58) ; *Estate of Gaston,* 188 Pa. St. 374 (41 Atl. 529) ; *Phebe v. Quillin,* 21 Ark. 490; *Taylor v. Martin* (Pa.), 8 Atl. 920; *Barney v. Hayes,* 11 Mont. 571 (29 Pac. 282) ; *Reed's Admr. v. Reed,* 30 Ind. 313; *Trustees of Pembroke Academy v. Epsom Sch. Dist.,* 75 N. H. 408 (75 Atl. 100) ; *Rothschild v. Schiff,* 188 N. Y. 327 (80 N. E. 1030) ; *Busby v. Lynn,* 37 Tex. 146; *Swarthout v. Swarthout,* 111 Wis. 102 (86 N. W. 558) ; *Cook v. Ellington,* 59 N. C. 371.

In the following cases it is held not to create a trust: *Colonial Trust Co. v. Brown,* 105 Conn. 261 (135 Atl. 555) ; *Holmes v. Dalley,* 192 Mass. 451 (78 N. E. 513) ; *Russell v. United States Tr. Co.,* 127 Fed. 445; *Russell v. United States Tr. Co.,* 69 C. C. A. 410, 136 Fed. 758; *Bliven v. Seymour,* 88 N. Y. 469; *Manners v. Philadelphia Library Co.,* 93 Pa. St. 165 (39 Am. Rep. 741) ; *O'Brien v. McCarthy,* 285 Fed. 917; *Bliss v. Bliss,* 20 Ida. 467 (119 Pac. 451) ; *Haight v. Royce,* 274 Ill. 162 (113 N. E. 71) ; *Succession of Hudson,* 19 La. Ann. 79; *Taylor v. Brown,* 88 Me. 56 (33 Atl. 664) ; *Nunn v. O'Brien,* 83 Md. 198 (34 Atl. 244) ; *Clark v. Clark,* 99 Md. 356 (58 Atl. 24) ; *Sears v. Cunningham,* 122 Mass. 538; *Hoxsey v. Hoxsey,* 37 N. J. Eq. 21; *First Presbyterian Church v. McKallor,* 35 App. Div. 98 (54 N. Y. Supp. 740) ; *Chew v. Chew,* 266 Pa. St. 526 (109 Atl. 799) ; *Van Amee v. Jackson & Ketcham,* 35 Vt. 173; *Conlin v. Sowards,* 129 Wis. 320 (109 N. W. 91).

A review of these cases leads to the suggestion first above made, that whether or not the word "wish" is to be construed as creating a trust depends wholly upon its place in the will and its relation to the context thereof.

Generally speaking, a wish is a wish, and nothing more, unless the testator used it in such a way as to indicate a different intention. The whole context of this will shows that this mortgage was to pass to the wife. She took complete title thereto, under the second paragraph of the will, and the fourth paragraph recognized that she was to receive the same. In other words, there was no thought in the mind of the testator that the executor should have anything to do with this mortgage. The wife was to have the mortgage, and when it was due, she was to receive the proceeds thereof. This much is certain.

The testator, by Clause 4 of the will, expresses a "wish" that, after the wife has received the proceeds thereof, she shall distribute such proceeds, share and share alike, among the children. Does this indicate that the intention of the testator was that she should receive said mortgage and hold the same, and that, when the same was cashed, she was then bound to divide the proceeds among these eight children? We do not think that this was his intention. The second paragraph shows, without doubt, that he intended her to have all of the property. The third paragraph is simply an expression of confidence in the fairness of the wife, and in pursuance thereof, he "wishes" that she would distribute the proceeds of this mortgage, when she received it, in cash among these children. We have had something of a similar question before us in the past history of this court, but the only case that squarely touches the question of the use of the word "wish" is *Bradford v. Martin*, 199 Iowa 250. We there said:

"We deem the use of the word 'wish' in these bequests purely precatory; but if not so, it creates a repugnance, as against the clause giving a fee-simple title to the wife, and therefore is void."

We have the same situation in the present case as existed in the *Bradford* case. If the fourth section of the will in the instant case should be held to create a trust estate, it would be repugnant to the second section of the will, which gave to the wife complete title to all of the property of the deceased. It must follow, therefore, that, under the terms of this will, the children had nothing, and the wife took complete title to all of

the property of which Francis Taylor died possessed. This is the same conclusion reached by the district court.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.