## Edward J. Taylor and Sarah M., His Wife, Plffs. in Err., *v.* Thomas J. Martin and May, His Wife.

Where the words "wish" and "desire" are used in a will as expressing a desire for an act to be done by some person or persons named by the testator, they may be held to be merely precatory; but no such presumption necessarily arises when the words are used to express the intention and will of the testator. The words are then mandatory.

If a testator in one part of his will gives to a person an estate of inheritance in lands or an absolute interest in personalty, and in subsequent passages unequivocally shows that he meant the devisee or legatee to take a lesser estate or interest only, the gift is restricted accordingly.

Under a gift in terms absolute of all the testator's estate, real, personal, and mixed, to his wife "to her sole and separate use, behoof, and control forever," followed by the clause: "It is also my desire and wish, after my wife's death, that my house and lot," describing the property, "shall go to my daughter," naming her, "for her sole and separate use during her natural life; and after her death the above-said house and lot of ground shall revert and go to my son," naming him, "his heirs and assigns forever,"—the wife takes an estate for life, remainder to the daughter for life, remainder to the son in fee.

(Argued April 1, 1887.   Decided April 11, 1887.)

January Term, 1887, No. 208, E. D., before MERCUR, Ch. J.,

NOTE.—Ordinarily the devise of an estate in fee, followed by an expression of the testator's desire as to the disposition, is not mandatory, and hence inoperative. Bellas's Estate, 176 Pa. 122, 34 Atl. 1003; Lisle's Estate, 22 Pa. Super. Ct. 262. But if the intention of the testator appears to have been otherwise, as in TAYLOR v. MARTIN, a life estate alone passes. Oyster v. Knull, 137 Pa. 448, 21 Am. St. Rep. 890, 20 Atl. 624.

TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to Common Pleas No. 2 of Philadelphia County to review a judgment for the defendants in a case stated in an action of ejectment. Affirmed.

Reported below: 3 Pa. Co. Ct. 146.

The case stated was as follows:

It is agreed by George Northrop, Esq., in behalf of the plaintiffs, and William W. Wiltbank and Edwin Gaw Flanigen, Esqs., in behalf of the defendants, that an amicable action be entered as if a writ in ejectment had issued, been served, and duly returned, and the defendants had appeared and the cause had thereafter been at issue; and thereupon the facts are stated to the court for judgment as follows:

Joshua M. Raybold owned the real estate which is the subject of this action.    It consists of a lot of ground with the messuage thereon erected, situate in Philadelphia, and known as number 2007 Fitzwater street.

He died November 10, 1875, owning the said real estate, having made his will, which was thereafter duly admitted to probate, and which provided, *inter alia,* as follows:

".   .   .   Item 3.  I do hereby will, devise, and bequeath unto my beloved and faithful wife, Mary Raybold, all my estate, real, personal, and mixed, whatsoever, and wheresoever the same may be at the time of my decease, to her sole and separate use, behoof, and control forever."

"Item 5.  It is also my desire and wish, after my wife's death, that my house and lot, No. 2007 Fitzwater street, shall go to my daughter, Mary C. Martin, wife of Thomas J. Martin, for her sole and separate use during her natural life; and after her death the above said house and lot of ground, No. 2007 Fitzwater street, shall revert and go to my son, Joshua C. A. Raybold, to him, his heirs and assigns forever."

The said Mary Raybold survived the testator and thereafter died in possession of the real estate, No. 2007 Fitzwater street, Philadelphia, having made her will, which was duly admitted to probate, and which provided, *inter alia,* as follows:

"Thirdly.  I give, devise, and bequeath all the real estate of which I may die seised, or may be in any manner interested, at the time of my decease, unto my granddaughter (the daughter of Thomas J. and Mary Martin), Sarah M. Taylor, wife of Ed-

ward J. Taylor, of the city of Philadelphia, her heirs and assigns forever."

The plaintiffs assert title to the premises in question by virtue of the provision of the last-mentioned will, claiming that Mary Raybold had taken an estate in fee simple therein, under the third item of the will of her late husband, Joshua M. Raybold.

The defendants assert title to the premises by virtue of the fifth item of said will of Joshua M. Raybold, claiming that that item modified or restricted the scope and effect of the third item, and that accordingly the said Mary Martin takes an estate for life in the premises, with remainder to Joshua C. A. Raybold and his heirs.

It is further agreed that the said wills shall be read in evidence.

If the court is of opinion with the plaintiffs, judgment is to be entered accordingly; otherwise judgment is to be entered for the defendants; neither party to be prejudiced in his right to a writ of error.

The will of Joshua M. Raybold was as follows:

"In the name of God, amen. I, Joshua M. Raybold, of the third ward, in the city of Philadelphia and state of Pennsylvania, being of sound, disposing mind, memory, and understanding, knowing the certainty of death and uncertainty of life, do make, ordain, publish, and declare this to be my last will and testament, hereby revoking any former wills made by me.

"Item 1. I will and bequeath my soul to God, trusting and having full confidence in his clemency and goodness and mercy.

"Item 2. I desire that all my just debts and funeral expenses be paid as soon after my decease as may conveniently be done.

"Item 3. I do hereby will, devise, and bequeath unto my beloved and faithful wife, Mary Raybold, all my estate, real, personal, and mixed, whatsoever, and wheresoever the same may be at the time of my decease, to her sole and separate use, behoof, and control forever.

"Item 4. It is my desire and wish, after my wife's death, that my house and lot No. 614 Catharine street shall go to my son, Joshua C. A. Raybold, his heirs and assigns forever.

"Item 5. It is also my desire and wish, after my wife's death, that my house and lot No. 2007 Fitzwater street shall go to my daughter, Mary C. Martin, wife of Thomas J. Martin, for her sole and separate use during her natural life, and after her

death the above said house and lot of ground No. 2007 Fitzwater street shall revert and go to my son, Joshua C. A. Raybold, to him, his heirs and assigns forever.

"Item 6. I do hereby nominate and appoint my beloved wife, Mary Raybold, sole executor of this my last will and testament without any interference of other parties, and without any kind of security for the purpose herein stated.

"In witness whereof I have hereunto set my hand and seal this thirtieth day of October, A. D. one thousand eight hundred and seventy-five."

It was duly executed and probated.

The will of Mary Raybold was as follows:

"I, Mary Raybold, of the city of Philadelphia, widow of Joshua M. Raybold, late of said city, deceased, being of sound mind, memory, and understanding, do hereby make and publish this, my last will and testament, revoking and making void all and any other will or wills by me at any time heretofore made.

"First. I direct that all my just debts and funeral expenses shall be fully paid and satisfied by my executrix hereinafter mentioned, as soon as conveniently may be after my decease.

"Secondly. I give and bequeath all my personal estate to my daughter, Mary Martin, wife of Thomas J. Martin, of the city of Philadelphia, her executors, administrators, and assigns, forever.

"Thirdly. I give, devise, and bequeath all the real estate of which I may die seised or be in any manner interested at the time of my decease unto my granddaughter (the daughter of Thomas J. and Mary Martin), Sarah M. Taylor, wife of Edward J. Taylor, of the city of Philadelphia, her heirs and assigns forever.

"Lastly. I nominate, constitute, and appoint my daughter, Mary Martin, wife of Thomas J. Martin, of the city of Philadelphia, sole executrix of this my last will and testament.

"In witness whereof I, Mary Raybold, the testatrix, have to this my last will and testament set my hand and seal this twenty-first day of October, in the year of our Lord one thousand eight hundred and eighty-two (1882)."

It was duly executed and probated.

The court below entered judgment for the defendants, and this was assigned as error.

*George Northrop,* for plaintiffs in error.—When Joshua M. Raybold, by the third item of his will, devised and bequeathed to his wife, Mary, all his estate, real, personal, and mixed, whatsoever and wheresoever the same might be at the time of his decease, to her sole and separate use, behoof, and control forever, he gave her a fee simple estate in the property No. 2007 Fitzwater street, which item 5 of said will did not devest.

A devise of lands to A, forever, passes the fee.    Co. Litt. 99.

If lands be given to be at the disposition of a person, the fee simple passes.    Leon. 156.

The words in this clause of the will pass the fee simple of the land.    Hawkins, Wills, 131; Morrison v. Semple, 6 Binn. 98; Neide v. Neide, 4 Rawle, 81; Heath v. Knapp, 4 Pa. 230; Johnson v. Morton, 10 Pa. 249; Weidman v. Maish, 16 Pa. 511; Kinter v. Jenks, 43 Pa. 448; Jauretche v. Proctor, 48 Pa. 470; Second Reformed Presby. Church v. Disbrow, 52 Pa. 224; Bowlby v. Thunder, 105 Pa. 178; Hopkins v. Glunt, 111 Pa. 287, 2 Cent. Rep. 63, 2 Atl. 183.

Item 5 of his said will, wherein he expresses his desire and wish, after his wife's death, that the property No. 2007 Fitzwater street should go to his daughter, Mary C. Martin, for life, and after her death should go to his son, Joshua C. Raybold, in fee, are not imperative, and do not vest an estate nor create a trust.    They are merely precatory.    No subsequent language in a will converts into a trust what has previously been devised in fee.    *Re* Pennock, 20 Pa. 280, 59 Am. Dec. 718; Jauretche v. Proctor, 48 Pa. 470; Second Reformed Presby. Church v. Disbrow, 52 Pa. 223; Hopkins v. Glunt, 111 Pa. 287, 2 Cent. Rep. 63, 2 Atl. 183.

Mary Raybold, the devisee under the will of said Joshua M. Raybold, exercised what she considered to be her right under the said will of her husband, and by her will of October 21, 1882, gave, devised, and bequeathed all the real estate of which she might die seised or be interested in at the time of her death, to her granddaughter, Sarah M. Taylor, in fee, under which the plaintiffs claim the premises No. 2007 Fitzwater street passed to them.

The exercise of the "control" given to Mary Raybold, by her will, renders the fifth clause of Joshua M. Raybold's will inoperative.

If she had not exercised this "control" it might, perhaps, be

argued that she proposed that the said fifth clause should be operative as far as she could render it so.

*Edwin Gaw Flanigen* and *William W. Wiltbank,* for defendants in error.—The cardinal rule of construction is that the intent of the testator is to be gathered from the four corners of the will taken as a whole.

The intention of the testator is to be gathered from the whole scheme of the will, and not from the terms of a particular devise.

Effect is to be given to the whole will if possible.

If the testator in one part of his will give to a person an estate of inheritance of lands (or an absolute interest in personalty) and in subsequent passages unequivocally shows that he meant the legatee or devisee to take a lesser interest only, the gift is restricted accordingly. Smith v. Bell, 6 Pet. 68, 8 L. ed. 322; Sheets's Appeal, 52 Pa. 263; Fox's Appeal, 11 W. N. C. 236; McCoy's Estate, 16 W. N. C. 244; Naundorf v. Schumann, 41 N. J. Eq. 14, 3 Cent. Rep. 70, 2 Atl. 609; Brockley's Appeal, 2 Sad. Rep. 569.

Every will is to be construed from its four corners, to arrive at the true intention of the testator. Decisions upon other wills may assist, but cannot control the construction. Fox's Appeal, 11 W. N. C. 236.

Precedent ought never to be allowed an arbitrary and unbending control of any case not precisely analogous, we might say not strictly identical. 1 Redf. Wills, 124.

"Wish" and "desire" are as mandatory as "will" and "direct," and may be so read, if necessary to give effect to the manifest intention of the testator, drawn from the entire view of the will. Fox's Appeal, 11 W. N. C. 236.

A will in its very nature is the disposition which the testator desires to have made of his estate after his death. All the expressions in it indicative of his wish or will are commands. Burt v. Herron, 66 Pa. 402.

The cases are innumerable where testators have used even words of inheritance, properly so called, in devising interests held to be for life; the intent being manifested by subsequent clauses. Urich's Appeal, 86 Pa. 386, 27 Am. Rep. 707.

In Lewis's Appeal, 89 Pa. 509, the devise was "To Susannah Skiles, her lifetime, and, at her death, it is my desire that a part of it go to Hopkins Skiles, and his heirs." Held, that Hopkins

took a part, and Susannah the other (she being entitled thereto under the intestate law, as next of kin).

The words "I wish" are as mandatory as the words "I will." Fox's Appeal, 11 W. N. C. 236.

There is no case where such words as "wish" and "desire" have been held to be precatory merely, and not mandatory, except where the context and general phraseology of the will plainly showed that they were not intended as direction.

The distinguishing principle of construction is that where the words are expressive of a desire for action on the part of some one other than the testator, they are precatory merely; but where they indicate and express the intention and will of the testator they are mandatory; thus in *Re* Pennock, 20 Pa. 280, 59 Am. Dec. 718; Jauretche v. Proctor, 48 Pa. 470; Second Reformed Presby. Church v. Disbrow, 52 Pa. 224; Bowlby v. Thunder, 105 Pa. 178, and Hopkins v. Glunt, 111 Pa. 287, 2 Cent. Rep. 63, 17 W. N. C. 39, 2 Atl. 183, the words held to be precatory were plainly in the nature of requests for action on the part of the devisee, and could not with any reason have been construed as a direction of the testator; they were solely and simply requests.  Here there is no request for such action on the part of the first taker, but a positive directory disposal of the estate after her death.

Per Curiam:

It is true that the words "wish" and "desire" are sometimes considered and held to be precatory merely, in wills, and not mandatory.  Where they are used as expressing a desire for an act to be done by some person or persons named by the testator, they may be held in many cases to be merely precatory; but no such presumption necessarily arises when the words are used to express the intention and will of the testator.  In such case they are held to be mandatory.

An examination of the whole will in the present case satisfies us that the testator intended to give to his wife a life estate only, and that full effect should be given to the fourth and fifth items in the will.  Thus construing the will the court committed no error in entering judgment in favor of the defendants on the case stated.

Judgment affirmed.