BARNEY, RESPONDENT, *v.* HAYES ET AL., APPELLANTS.

[Submitted February 11, 1892. Decided February 23, 1892.]

WILLS — *Holographic codicil.* — A letter from a testator to his attorney in which he announces his marriage and then writes: "What I want is for you to change my will so that she will be entitled to all that belongs to her as my wife. I am in very poor health and would like this attended to as soon as convenient. I don't know what the laws are in Montana. I don't know what ought to be done, but you do," sufficiently indicates a testamentary intent, and the statutory requirements as to the execution and proof of holographic wills being satisfied, the letter will be treated as a holographic codicil, operating as a republication of the will which was revoked by the testator's marriage.

*Appeal from Seventh Judicial District, Yellowstone County.*

Petition for the probate of a will. Petition was denied by MILBURN, J.

Statement of the case by the judge delivering the opinion.

This case was before us at the June term, 1891, and the decision is reported *ante,* page 99. The report of that decision may be referred to as a statement of the case on this appeal, so far as it goes. We then sent the case back to the District Court for a trial. It was tried, and judgment was rendered refusing

to admit the propounded will and alleged codicil to probate. From this judgment the proponents, Hayes and Rowley, appeal.

The District Court submitted to the jury that tried the case certain questions, which, with their answers, are as follows: "(1) Was the decedent competent to make a last will and testament at the time of the execution of the will filed by the proponents for probate. herein? Yes. (2) Was the decedent, at the time of the execution of said will, free from duress, menace, fraud, and undue influence? Yes. (3) Was the said will duly executed by the decedent, and duly attested by the attesting witness? Yes. (4) Did the decedent write the letter addressed to Hon. E. N. Harwood, and which is filed herein, as and for a codicil to said last will and testament? If so, was it received by Mr. Harwood? Yes. (5) Was the said letter entirely written, dated, and signed by the hand of decedent himself? Yes. (6) Was said letter written on the 18th of August, 1890? If not, at what date was it written? Yes. (7) Is the said letter the expression of the will of decedent as to the disposition he desired to make of his estate? Yes. (8) Is the letter written to Hon. E. N. Harwood a codicil to the last will and testament of decedent, executed June 15, 1889? Yes. (9) Do the said last will and. the said codicil constitute the last will and testament of the decedent? Yes. (10) Was decedent competent to make a last will and testament at the time he wrote the said letter? Yes. (11) Was the decedent, at the time of writing of said letter, free from duress, menace, fraud, and undue influence? Yes. (11½) Was Mr. Barney of sound mind and of disposing memory from the time of his marriage with Miss Brodie up to the time of his death? Yes. (11¾) Do you find from the evidence that the will mentioned in the said letter is the identical will put in evidence in this case? Yes. (12) Did C. E. Barney mail said letter, or cause it to be mailed, to Mr. Harwood? Yes. (13) If he did not mail the same, but caused some one else to mail the same, whom did he cause to mail it, and how did he cause such person to mail it? His wife; through the dairymen. (14) Did the decedent, Charles E. Barney, make a will in the month of June, 1889? Yes. (15) Was he a single or married man on said date? Single. (16) Did he afterwards, to wit, on or about

the ninth day of August, 1890, intermarry with Ellen C. Brodie? Yes. (17) When did Charles E. Barney die, if at all? October 2 or 3, 1890. (18) Did said decedent, on or about the eighteenth day of August, 1890, write a letter to Hon. E. N. Harwood, in which he requests said Harwood to change or modify some will referred to in said letter, or requesting him to write a codicil to a will? Yes. (19) If you find from the evidence that said decedent, Charles E. Barney, wrote such a letter, state whether said Harwood complied with said request, and whether any change or codicil was made to said will by said Harwood. No."

After the return of these findings by the jury, the court filed the following: Findings of fact and conclusions of law by the court: The court finds the following facts and conclusions of law, and, so far as the findings of the jury conflict therewith, they are set aside; and, so far as the jury findings do not conflict, the jury findings are affirmed, and made the findings of the court. The court finds that the will in question was in the possession of Hon. E. N. Harwood, and by him delivered to the clerk of the court, as was also the said letter. That from the time of the writing of the alleged codicil until the day of the death of C. E. Barney the said Barney was of sound and disposing mind and memory. There were two sheets in said letter, or alleged codicil; and no evidence was offered or produced to the effect that there were only two when written. The letter or alleged codicil bears on its face the year date of 1880 — a date prior to the execution of the will. C. E. Barney did not execute a codicil to said will.

Conclusions of law: The said letter is not a codicil in law. The will was revoked by subsequent marriage. The will was not republished by said letter. Neither said will nor said alleged codicil or letter should be admitted to probate.

The court then found: "As conclusions of law, this court finds that said letter is not a codicil in law. The will was revoked by decedent's subsequent marriage. The will was not republished by said letter. Neither said will nor said alleged codicil (or letter) should be admitted to probate."

Judgment was accordingly rendered as follows: "It is further ordered, adjudged, and decreed, by reason of the premises afore-

said, that neither said alleged will nor said alleged codicil, **nor** either of them, be admitted to probate."

From this judgment the proponents of the will appeal.

*O. F. Goddard,* and *Cullen, Sanders & Shelton,* for Appellants.

(See brief in *Barney* v. *Hayes, ante,* p. 99.)

*Savage & Day,* for Respondent.

(See brief in *Barney* v. *Hayes, ante,* p. 99.)

DE WITT, J.—The Probate Practice Act (§ 22) provides: "The jury, after hearing the case, must return a special verdict upon the issues submitted to them by the court, upon which the judgment of the court must be rendered, either admitting the will to probate or rejecting it."

It is not disputed that the original will was properly executed, and was, before the marriage of the decedent, a good and valid will. It is conceded that the marriage of decedent revoked that will. (§ 459, p. 384, Comp. Stats.) It is clear that, if the letter of the decedent is a codicil to said will, it republished the will, and that the will and codicil together constitute the last will and testament of the decedent. (§ 448, p. 382, Comp. Stats.) The letter referred to the previous will. The whole gist of the case, therefore, is whether said letter was a codicil; that is, whether it was testamentary in character. The court submitted to the jury a great number of questions, which seem to have included all matters of fact in the case. The court also required the jury to determine whether said letter was a codicil. The jury said that it was. The court set aside this finding, and held that the letter was not a codicil. The respondent now contends that this finding of the jury was a conclusion of law, and that the court was not bound thereby, and that such finding was practically a nullity. Appellant contends that the court was bound by all the findings of the jury, and that it was error to set them aside. The court certainly submitted all the facts to the jury. It looks as if a large portion of the law as well had gone to the jury for determination, and that the court was then dissatisfied with the jury's view of the law.

But passing this anomalous condition of affairs, and disregarding the submission of law to the jury, we will decide this appeal upon the following view: The facts are all found. The findings have never been attacked. We take them all as true. On these facts, did the court correctly construe the letter from the deceased to his attorney? That is to say, we will proceed to determine whether the said letter was, under the established facts, a codicil, and testamentary in character.

It is claimed that the letter is an holographic will or codicil. The statute provides as follows: "Sec. 439. An holographic will is one that is entirely written, dated, and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this Territory (State), and need not be witnessed." "Sec. 19. An holographic will may be proved in the same manner that other writings are proved." It is perfectly clear from the findings that this letter fulfills every requirement of the statutes, *supra*, as to the execution and proof.

The only question remaining is whether it is testamentary in character. A decision of this point was reserved on the former appeal of this case.

"A will is an instrument by which a person makes a disposition of his property, to take effect after his decease." (1 Jarman on Wills, 26, and notes.)

"A last will and testament may be defined as the disposition of one's property, to take effect after death." (1 Redfield on Wills, 5.)

"Swinburne defines a 'testament' to be a 'just sentence of our will, touching that we would have done after our death.'" (*Turner* v. *Scott*, 51 Pa. St. 132.) Woerner, in the American Law of Administration, expresses the same views. (Ch. 5.)

The decedent in this case, in the letter in question, announces his marriage, and then writes: "What I want is for you to change my will so that she [his wife] will be entitled to all that belongs to her as my wife. I am in very poor health and would like this attended to as soon as convenient. I don't know what the laws are in Montana. I don't know what ought to be done, but you do."

Do these words disclose an *animus testandi?*

The writer expresses his wish that his wife shall have something. The reasonable construction of the letter is that he wished her to have a certain portion of his estate after his death. His intent may be expressed by the word "want," which he uses, or "wish," or "desire," as well as by the words "command" or "direct." (*Busby* v. *Lynn*, 37 Tex. 150.) To be sure, what the decedent wrote was that he "wanted his will changed." It is argued that it was not changed. But did not this letter change it? The original will was the expression of his intention, on June 15, 1889, as to the disposition of his property after death. That was his "will," using that word in its original sense of "intent," "desire," or "command." Now, on August 18, 1890, he had another "will" or "intent" or "desire." That later "will" or "intent" or "desire" he clearly expressed in his letter of that date. That letter was, using the old definition, "his just sentence of his will touching what he would have done after his death." Can any one read the decedent's letter and be in any doubt as to what he intended should be the disposition of his property as to his wife? We think not. Such holographic will need not be in any particular form. (§ 439, Prob. Prac. Act.) If the decedent's intention is clear, that intent must not be ignored because the language is not technical. The expression of decedent's intention is as clear as that in the case of *Estate of Wood*, 36 Cal. 75; or in the case of *Succession of Ehrenberg*, 21 La. An. 280; 99 Am. Dec. 729. In the latter case the holographic will was as follows:—

"NEW ORLEANS, September 15, 1859.

"Mrs. Sophie Loper is my heiress.        G. EHRENBERG.

"The legatee's name is correctly spelled Loeper.

"G. EHRENBERG."

On the back of this instrument is written the following: "Ehrenberg's will, to be opened by S. B. Patrick, who will see it executed. A copy of this will is left in the hands of the heiress." (See, also, *Clarke* v. *Ransom*, 50 Cal. 595, and authorities cited; also *Robnett* v. *Ashlock*, 49 Mo. 171; *Morrell* v. *Dickey*, 1 Johns. Ch. 152, opinion by Chancellor Kent; *Cowley* v. *Knapp*, 42 N. J. L. 297; *Byers* v. *Hoppe*, 61 Md. 206; 48 Am. Rep. 89.)

No motion for a new trial was made in the case at bar. The findings of fact were not attacked. Whatever the jury may have found as to the law we do not consider. But we are of opinion that when the District Court had before it the facts found, the court should have concluded that those facts established the letter in evidence to be a codicil. The judgment is therefore reversed, the cause is remanded, and the District Court is directed to admit to probate the will of June 15, 1889, with the said letter of decedent as a codicil; the two writings together constituting the last will and testament of said Charles E. Barney, deceased.

*Reversed.*

BLAKE, C. J., concurs: HARWOOD, J., being disqualified, did not sit in this case.