[Civ. No. 11191.   Second Appellate District, Division Two.—November 4, 1936.]

In the Matter of the Estate of SARAH LOUISE CLARK, Deceased. WEBSTER C. CLARK, Appellant; JOSEPH I. KING et al., as Executors, Petitioners and Respondents, v. HARRIETT C. ECKETT et al., Contestants and Respondents; CHARLOTTE D. GREGG et al., Legatees and Respondents.

Borton, Petrini & Conron for Appellant.

Gibson, Dunn & Crutcher, Norman S. Sterry, Robert F. Schwartz, Frederick H. Sturdy, Harold A. Black, George Harnagel, Jr., McCutchen, Olney, Mannon & Greene and Joseph I. King for Respondents.

WOOD, J.—This appeal presents for determination the interpretation to be given to a clause in the will of Sarah Louise Clark, deceased. The will was dated March 6, 1934, at which time Webster C. Clark was indebted to the testatrix for money loaned to him by her deceased husband in the sum of $57,000, and for which he gave his renewal note March 31, 1934. Certain interest payments were made upon the indebtedness and the principal was reduced by the sum of $3,000, so that at the date of the death of Sarah Louise Clark on September 8, 1934, Webster C. Clark was still indebted to her on account of the obligation in the sum of $54,000. Of the residue of her estate the testatrix gave to seven persons various sums in cash. Then follows the eighth clause as follows: "(8) To said Webster C. Clark the sum of Fifteen Thousand Dollars ($15,000), provided said Webster C. Clark shall at or prior to my decease fully pay and discharge all indebtedness owing by him to me as beneficiary under or distributee of my late husband's estate or otherwise. Should the said Webster C. Clark fail to fully pay and discharge such indebtedness at or prior to my decease, then said Webster C. Clark shall take nothing under Paragraph Fourth of this, my last will and testament, and I hereby give, devise and bequeath said sum of Fifteen Thousand Dollars ($15,000) to Mrs. Jennie Knapp, Mrs. Harriett Eckett, Mabel Elston, Esther Louise Elston, Mrs. Maude Dunne, Virginia Dunne, and Margaret Dunne,

in the same proportions that the amounts I have hereinabove given and bequeathed to them respectively in clauses (1) to (7) inclusive of this paragraph Fourth bear to the aggregate of such amounts.'' Upon petition for ratable distribution and ratable payment of legacies the trial court held that the bequest to Webster C. Clark was conditioned upon his discharging his indebtedness to the testatrix within her lifetime, and that not having done so he was entitled to nothing. He appeals from the resultant order and decree which denied to him participation in the distribution of said estate.

The interpretation of the clause in dispute must be made in the light of the rule that the intention of the testatrix must be followed and in view of section 102 of the Probate Code: ''The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative.'' To sustain the contention of respondents we must hold that the words, ''Should the said Webster C. Clark fail to fully pay and discharge such indebtedness at or prior to my decease'' should be interpreted to mean: ''If the said Webster C. Clark shall have fully paid and discharged such indebtedness prior to my decease.'' The testatrix did not use such language, but provided that the debt could be paid ''at or prior to her decease''. The words ''at or'' cannot be disregarded. The interpretation requested by respondents fails to ''give to every expression some effect''. The testatrix could not have intended that the debt be paid at the instant life would be departing from her body. Payment at such a time would be utterly impossible. The only reasonable interpretation which gives ''some effect'' to the words ''at or'' is that Mr. Clark must pay the debt within a reasonable time after the decease of the testatrix in order to receive the legacy. An argument that the same result would be reached by operation of law and that the condition adds nothing to the testamentary provisions does not justify the court in disregarding any words contained in the will or in giving the will a meaning not intended by the testatrix. It is a matter of common knowledge that makers of wills very frequently include testamentary provisions which would be made effective by operation of law if they had been omitted.

Counsel have not cited cases in which the word "at" has been construed when used in testamentary dispositions, but many cases have been recorded in which the word has been construed when used in other situations. A general statement is found in Corpus Juris, volume 5, page 1422; "It is a word of great relativity and elasticity of meaning, and is somewhat indefinite, shaping itself easily to varying contexts and circumstances, and taking its color from the circumstances and situation under which it is necessary to apply it to surrounding objects. It is not a word of precise and accurate meaning, or of clean, clear-cut definition, and it has been said that the connection furnishes the best definition." And on page 1423: "The use of the word usually negatives the idea that precision or an exact coincidence is intended, either of place or time. As used to fix a time, it does not necessarily mean *eo instanti,* or *'punctum temporis',* or the identical time named, or even a fixed, definite moment. In short, the word expresses the relation of direction toward, presence, and nearness in either time or place, and does not demand an exact coincidence as to either." (See *Rogers* v. *Burr,* 97 Ga. 10 [25 S. E. 339]; *Rice* v. *Kansas Pacific R. R.,* 63 Mo. 314.) The following appears in the Standard Dictionary: "*At* primarily denotes simple occupancy of a point in space; whence arise numerous allied and figurative meanings, as of time, direction, etc., by which the word partakes of the meaning of numerous other prepositions and prepositional phrases." Thereafter in the different paragraphs the following definitions or synonyms appear: "on, upon, after, near, upon the coming of, on the happening of, on occasion of".

Respondent's contention that appellant's legacy has lapsed for failure to pay the indebtedness within a reasonable time cannot be sustained. This question is primarily for the determination of the trial court and the record does not disclose that the trial court made a definite finding on the issue. Moreover, the circumstances before the court presented sufficient justification for the delay. Mr. King, one of the executors, is a lawyer. Within a month from Mrs. Clark's death appellant wrote to Mr. King concerning the clause in dispute and stated: "I would like very much to have an interpretation of this point from you." Under

date of October 15, 1934, Mr. King wrote the appellant, giving an interpretation adverse to appellant's contention. On October 19, 1934, appellant sent a letter to Mr. King in which he stated: "Another consideration pointed out by my attorney is this: my indebtedness was large, was current, and was in process of gradual liquidation; the interest was always paid promptly. I was, therefore, proceeding in the matter in accordance with previously prevailing custom and in accordance with my legal position. There had been no disputes nor arguments about the indebtedness and there was nothing to lead me to suppose that the attitude of the parties toward it had experienced a change. Under these circumstances it is not reasonable to suppose that the testator intended to prepare a secret pitfall for my feet, leaving me in a position where all unknown to me valuable rights were to be lost to me if I did not do certain things that I was under neither legal nor moral compulsion to do under the circumstances. Such being the construction placed by my counsel upon the will, will you please construe this letter as a tender of payment of my indebtedness to the estate made pursuant to section 1493 and following of the Civil Code of the State of California. I hereby offer to pay my entire indebtedness to the estate in due course of administration, conditioned, however, upon the construction of the will, and particularly the eighth subdivision of the fourth paragraph thereof to this effect: that upon payment of my indebtedness to the estate in due course of administration I am entitled to the legacy provided by that subdivision of that paragraph." This letter was answered by letter dated April 15, 1935, in which Mr. King expressed the belief that the legacy had failed and further stated: "It is clear to me that a possible dispute as to the validity of your contention is solely between you on the one hand and Mrs. Knapp, Mrs. Eckett, the Elstons and the Dunnes on the other hand, and is not primarily my affair. I have written Mrs. Knapp, Mrs. Eckett, the Elstons, and the Dunnes, sending them copies of our correspondence on this matter and asking them what positions they will take. As soon as I have heard from them I shall write you again. We have proceeded and are proceeding with the routine of administration on the theory that your contention as to the legacy may or may not be well founded,

and we do not propose at any time to take any steps which will unfairly prejudice your collection of any sum legally due you." The petition for ratable distribution and to determine the persons entitled to the specific legacies was filed on July 20, 1935. The delay in paying the indebtedness has not been unreasonable.

The portions of the order appealed from not affirmed by the Supreme Court by its order of July 20, 1936, are reversed.

Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 27, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 28, 1936. Seawell, J., voted for a hearing.