[Civ. No. S. C. 67. Second Appellate District, Division One.—August 31, 1938.]

In the Matter of the Estate of LUCY CUSHMAN MAYNE, Deceased. FRANK K. MAYNE, Appellant, v. WALTER W. MAYNE et al., Respondents.

Frank P. Doherty and Gerald E. Kerrin for Appellant.

Delamere F. McCloskey for Respondents.

WHITE, J.—The transcript presents an appeal by the surviving husband of the decedent from a decree of the superior court making distribution of her estate. The sole question presented is the construction of the last will and testament of the decedent.

The will reads as follows:

"In case of my accidental departure of this life, I leave all my property to my husband, Frank K. Mayne.

"To be carefully kept and finally divided equally between Frances and Walter—if any remains after Frank's passing on.

"LUCY CUSHMAN MAYNE."

Frances and Walter referred to in the will are children by a former marriage of the appellant, named respectively Frances Bond and Walter W. Mayne, and appear as respondents herein.

In the petition for distribution of his wife's estate, appellant, as the administrator with the will annexed, asked that distribution of the entire estate be made to him "pursuant to the will". The respondents Frances Bond and Walter W. Mayne filed an opposition to this petition and asked that distribution be made of a life estate only to the surviving husband, with the remainder over to the objectors. The court denied the petition for distribution and sustained the opposition thereto, ordering that said estate in its entirety be distributed to the surviving husband Frank K. Mayne, "for

the period of his natural life, and upon his death the unused portion thereof to Walter W. Mayne and Frances Bond".

The contentions of appellant are that the language of the will passed a fee simple to him and not, as the court decreed, a limited life estate, and further, that if a life estate was intended by the terms of the will, the court erred in not decreeing that the life estate vested in appellant "with full and absolute right and power of disposal".

The problem of the trial court, now presented to us, is to find the intention of the testatrix from the language used. In seeking for such intention, there are certain well-settled principles of interpretation and construction enumerated by the courts. These principles were epitomized by our own Supreme Court in *Estate of Peabody*, 154 Cal. 173 [97 Pac. 184], as follows:

"The important thing is the intention of the testator (sec. 1317, Civil Code, now section 101, Probate Code). This is to be ascertained from the words of the will, taking into view the circumstances under which it was made (section 105, Probate Code). All parts of the will are to be considered in relation to each other so as to form, if possible, a consistent whole (section 103, Probate Code). Words are to be taken in their ordinary grammatical sense, unless a clear intent to use them otherwise is apparent and that sense can be ascertained (section 106, Probate Code). Technical words are not to be taken in their technical sense if it satisfactorily appears that the will was drawn solely by the testator and that he was unacquainted with such technical sense (section 106, Probate Code). 'A technical construction of words and phrases, although *prima facie* the one which should prevail, will not go to the extent of defeating any obvious general intention of the testator, since wills are often prepared by those wholly unacquainted with the precise technical force of legal forulas.' . . . "

The first clause of the will before us, if taken alone, would constitute an outright devise in fee simple of all of decedent's property to her husband, while the second clause of the will, standing by itself, would constitute a clear disposition of the remainder at the death of the husband to Frances Bond and Walter W. Mayne. Appellant contends that where, as in the first paragraph of the will in question, real estate is given to a person generally, with power of disposition,

that person takes an estate in fee, and a limitation over of what may remain of the gift undisposed of by the first taker at his death, is void for repugnancy. To so hold we would necessarily have to decide that the second clause of the will would be wholly ineffectual, which is contrary to the rule of section 102 of the Probate Code that a will is to be so interpreted as to give some effect to every clause, rather than so as to render any expression inoperative. It is firmly established as the law that expressions in a will, when used to declare the disposition to be made of property at the death of the testator, and not as a request or prayer directed to a devisee or legatee concerning such devise or legacy, is a dispositive command, testamentary in character, and not precatory, but a positive direction binding upon the court in the distribution of the estate. (*Barney* v. *Hayes,* 11 Mont. 571 [29 Pac. 282, 28 Am. St. Rep. 495]; *Stewart* v. *Stewart,* 61 N. J. Eq. 25 [47 Atl. 633]; *Weber* v. *Bryant,* 161 Mass. 400 [37 N. E. 203]; *Appeal of City of Philadelphia, Trustee,* 112 Pa. 470 [4 Atl. 4]; *Meehan* v. *Brennan,* 16 App. Div. 395 [45 N. Y. Supp. 57]; *Taylor* v. *Martin,* 6 Sad. (Pa.) 125 [8 Atl. 920]; *Oyster* v. *Knull,* 137 Pa. 448 [20 Atl. 624, 21 Am. St. Rep. 890]; *Brasher* v. *Marsh,* 15 Ohio State 103, 111; *Wood* v. *Camden etc. Co.,* 44 N. J. Eq. 460 [14 Atl. 885]; *Phillips* v. *Phillips,* 112 N. Y. 197 [19 N. E. 411, 8 Am. St. Rep. 737].) ██ In view of these authorities, it cannot be said that the words of the second paragraph of the will before us are not equally clear and distinct as those of the first paragraph. In clear and unequivocal language the testatrix directs that any of the property bequeathed to her husband which remains at the time of his death is to pass to Frances Bond and Walter W. Mayne.

In equally clear and decisive language the first paragraph in the will, standing by itself, indicates an intention on the part of the testatrix that the surviving husband was to have all of her property in fee. Construing both paragraphs together, however, leaving out for the time being the words "if any remains after Frank's passing on", it cannot be doubted that what was intended by the testatrix was to give a life estate to her husband with remainder over to her stepchildren.

██ The meaning of the final words of the will, "if any remains after Frank's passing on", is not at all clear and is susceptible of any one of several interpretations. The testa-

trix may have had in mind that the property might be lost through nonpayment of taxes; inability to meet assessments; by flood, or other act of God. She might also have had in mind the thought of protecting her husband from liability in the event, without fault upon his part, he lost the property in any way. Whatever may have been in the mind of the testatrix when she wrote the will in question, it will not admit of denial that she enjoined upon her surviving husband the duty of carefully keeping the property during his lifetime so that it would finally be divided equally between his children. The very words of the will, "to be carefully kept", immediately foreclose the assumption that the testatrix intended that the surviving husband should have the right to consume the estate either in whole or in part. To nullify the direct and positive language, which creates a life estate in the surviving husband with remainder over to the children, by holding that the final words, uncertain and conjectural as they are, qualify and limit that portion of the will which is definite and certain, would not be warranted either by the rules of logic or by the tests laid down for the guidance of courts in the interpretation of wills. The direct and positive should prevail over the indirect, uncertain and equivocal language.

Considering the wording of the will as a whole, it certainly did not give the surviving husband the right to sell, convey or dispose of the property by will. The words in the will that the property was "to be carefully kept and finally divided equally between Frances and Walter" belie the existence in the mind of the testatrix of any intention to bequeath a fee simple estate to her husband. In the face of the language last above quoted, it would do violence to reason to deduce therefrom a right upon the part of the surviving husband to impoverish, impair, diminish or consume the corpus. The language in the will last referred to is repugnant to the conclusion that the surviving husband should have anything more than a life estate with remainder over to his children.

For the foregoing reasons the order and decree appealed from is affirmed.

York, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 27, 1938.