[Civ. No. 16323.    Second Dist., Div. Two.    July 26, 1948.]

Estate of EMMA ARNOLD SULLIVAN, Deceased. BEN SEIDLER et al., Appellants, v. NINA ARNOLD GOODSPEED, Respondent.

Walker & Horn for Appellants.

Geo. W. Trammell and E. P. Mulholland for Respondent.

WILSON, J.—Appellants Ben Seidler and Grace Seidler have appealed from that portion of the order settling final account and decree of distribution under will of decedent distributing to Nina Goodspeed certain real property which appellants contend was devised to them by the will.

The provision of decedent's will which gave rise to the controversy reads as follows: "THIRD: I hereby give, devise and bequeath to the following named persons, the following described personal property and the sums of money set after their names . . . B. To BEN SEIDLER and MRS. GRACE SEIDLER of 1216 East Eighth Street, Long Beach California, and formerly of 2443 Woodmere Avenue, Detroit Michigan, as partial repayment for the care and kindness shown me over the past four years and during my illness, all of my property at 1215 Hellman Street, also known and described as Lot 1 Tract 1772 in the City of Long Beach, County of Los Angeles, State of California, together with the furniture, furnishings and contents therein, except my sewing machine and vacuum sweeper . . . All of the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and character, and wheresoever situated, I hereby give, devise and bequeath to FIRST CONGREGATIONAL CHURCH OF LONG BEACH, CALIFORNIA, and to my niece MRS. NINA GOODSPEED of 2905 Boyd Street, Milwaukie, Portland, Oregon, share and share alike."

Decedent having died within 30 days after the execution of the will, the court found the devise to First Congregational Church of Long Beach to be invalid (Prob. Code, § 41) and adjudged that the entire residue of the estate vested in respondent Goodspeed. There is no appeal on behalf of the church.

Lot 1 of Tract 1772, referred to in the will, extends through an entire block having a frontage on Hellman Street on the

south and on Eighth Street on the north. The streets are parallel, each being a full size paved street, with sidewalks and curbs on both sides. Decedent's home, in which she had resided for 30 years prior to her death, was a single family residence designated as 1215 Hellman Street. A garage building is also situated on that part of the lot fronting on Hellman Street. On the north portion of the lot fronting on Eighth Street is a duplex or two family residence which had been erected for income purposes by decedent and her husband who had predeceased her. These two dwelling units are designated as 1214 and 1216 East Eighth Street. A wooden fence about 2 feet in height, situated about 57.80 feet south of the north line of the lot, extends across the entire lot separating the southern portion of the lot from the northern fraction. The fence was erected several years ago by decedent's husband. Decedent maintained the lawn south of the fence but made no use of the northerly portion of the lot. The tenants of the duplex maintained the lawn and shrubbery north of the fence and had nothing to do with the Hellman Street frontage except during periods when one of the tenants rented the garage. For several years appellants have been tenants in one of the units of the duplex. Insofar as use and appearance are concerned the two portions of the lot were as separate and apart from each other as if they had been in different ownerships.

Appellants maintain that by the provisions of the will they were given the entire lot with both the single family residence and the duplex. Respondent contends that the testatrix intended that appellants should receive only the single family residence fronting on Hellman Street together with that portion of the lot lying south of the fence and that she, respondent, is entitled, as found by the court, to distribution of the duplex fronting on Eighth Street and that part of the lot north of the fence.

The sole issue to be determined is whether the trial court was correct in construing the will and in ordering distribution according to respondent's contention. The alleged ambiguous language appears in subparagraph B wherein the testatrix devised to appellants "all of my property at 1215 Hellman Street, also known and described as Lot 1, Tract 1772" with the furniture and furnishings therein.

After hearing the evidence of the respective parties as to the physical conditions existing upon the lot and viewing the premises the court found that it was the intention of

the testatrix that her residence on Hellman Street and the land south of the division fence should go to appellants, and that that portion of the lot north of the fence together with the duplex building was intended to be a part of the remainder and residue which would vest in respondent Goodspeed.

In order to ascertain the intention of the testatrix the court must place itself as nearly as possible in the position she occupied when the will was executed. For this purpose the physical conditions existing upon the property are circumstances to be taken into consideration, to wit, two residence buildings fronting in opposite directions, each with its separate lawn and garden individually maintained, and the division fence which constituted a severance of one part of the lot from the other.

Since the residence at 1215 Hellman Street occupied only the southerly portion of Lot 1, the duplex fronting on Eighth Street occupying the remainder, the residence on Hellman Street was not "also known and described as Lot 1 Tract 1772" as stated in the will.

The fence indicated the purpose of the testatrix and her deceased husband to divide the lot into two separable parts and the reference in the will to the residence at 1215 Hellman Street evidenced the intention of the testatrix to devise to appellants only that fraction of the lot lying south of the fence.

The ambiguity in the description of the property having been determined by the court on substantial evidence, we find no reason to disturb the findings or the judgment. "The rules of evidence, the weight to be accorded to the evidence, and the province of a reviewing court, are the same in a will contest as in any other civil case." (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]; *Estate of Boyd,* 24 Cal. App.2d 287, 290 [74 P.2d 1049]; *Estate of Pessagno,* 58 Cal.App.2d 390, 392 [136 P.2d 644]; *Estate of Snowball,* 157 Cal. 301, 305 [107 P. 598]; *Estate of Barr,* 69 Cal.App. 16, 33 [230 P. 181].)

If the construction given to a will by the trial court is tenable and appears to be reasonable and consistent with the intent of the testator, a reviewing court will not substitute a different interpretation even though it seems possible and equally tenable. (*Estate of Bourn,* 25 Cal.App. 2d 590, 600 [78 P.2d 193]; *Kautz* v. *Zurich etc. Co., Ltd.,* 212 Cal. 576, 582 [300 P. 34]; *Manley* v. *Pacific Mill & T.*

*Co.,* 79 Cal.App. 641, 648 [250 P. 710].) ▮ When a provision in a will is ambiguous and evidence is admitted in order to arrive at the testator's intention, the inferences and conclusions drawn by the trial court from the evidence and the court's findings made therefrom will not be disturbed unless such conclusion "is contrary to the inferences a reasonable mind might properly draw from the evidence" and such a determination will not be disturbed by a reviewing court unless it is clearly erroneous. (*Estate of Boyd, supra.*) ▮ An appellate court in considering the facts will interpret the evidence so as to support the findings to the extent that they are susceptible of being sustained by it. (*Estate of Barr, supra; Estate of Russell,* 189 Cal. 759, 763 [210 P. 249].)

▮ When the trial judge views the premises in question during a trial what he sees is not a part of the transcript of the record but is independent evidence which may be considered by him in arriving at his decision and which this court will assume supports the findings. (*Ng* v. *Warren,* 79 Cal.App.2d 54, 57 [179 P.2d 41]; *Pohl* v. *Anderson,* 13 Cal.App.2d 241, 244 [56 P.2d 992]; *Hatton* v. *Gregg,* 4 Cal. App. 537, 540 [88 P. 592]; *Gates* v. *McKinnon,* 18 Cal.2d 179, 183 [114 P.2d 576]; *MacPherson* v. *West Coast Transit Co.,* 94 Cal.App. 463, 466 [271 P. 509].)

▮ The interpretation of disputed language in a will must be made in the light of the rule that the testator's intention must be followed and that the words of the will must be interpreted so as to give some effect to every expression, rather than one which will render any one of the expressions inoperative. (Prob. Code, § 102; *Estate of Clark,* 17 Cal.App.2d 323, 325 [61 P.2d 1221]; *Estate of Thompson,* 18 Cal.App.2d 680, 683 [64 P.2d 984]; *Estate of Mayne,* 28 Cal.App.2d 340, 342 [82 P.2d 504].) ▮ In arriving at the intention of the testatrix the court had before it the physical conditions above enumerated, the fact that she had resided on the Hellman Street frontage of the property for 30 years, that she referred to the property by its street number, and that she had knowledge of the fence which for many years had set off her residence from the duplex. From all these facts it must be assumed that she had in mind devising to appellants only that residence and the portion of the lot on which it was located.

There was introduced in evidence a letter dated February 12, 1945, written by decedent to one of her attorneys

in her own handwriting in which she made directions as to the distribution of her property, the following being an excerpt: "to Mrs. Grace Seidler—1216 E. 8th St. Long Beach Calif. lot # 1—Tract # 1772 assessed to Emma A. Sullivan, 1215 Hellman St. Long Beach Calif. with buildings & contents—value 9000—this does not pay for all the care & kindness shown me the last 4 yrs and in my sickness." Pursuant to this letter a will dated February 14, 1945, was drafted and was executed by decedent, in which the property devised to appellant Grace Seidler is described in exactly the same words and figures as found in the will now under discussion which is dated April 25, 1945. Notwithstanding the letter, neither of the two wills, which were executed 71 days apart, devised the entire Lot 1 to appellants. There is no evidence in the record as to the value of the entire lot or of the part south of the fence, hence the words and figures in the letter "value 9000" afford no aid in ascertaining the decedent's intent. Where the evidence sustains the finding of the trial court, as it does in the instant case, the reviewing court must accept the will as it reads and as interpreted by the probate court.

Another fact before the court which supports its interpretation of the will is that the residuary clause refers to the residue and remainder of decedent's estate as "both *real* and personal." Since there is evidence that the testatrix owned no real property other than Lot 1 in Tract 1772, if the interpretation given to the will by the trial court should be set aside the reference to real property in the residuary clause would be meaningless and the apparent intent of the testatrix to devise real property thereby would be nullified. Such result would be violative of the rule above stated with reference to the interpretation of a will in such manner that every expression will be given some effect and not suffer any one to be inoperative.

■ Although appellants now contend that there is no ambiguity in the will the case was tried throughout, without objection from appellants, on the theory that the will was ambiguous and that the only issue before the court was the meaning of the language in subdivision B and the intent of the testatrix. To sustain her contention that she was entitled under the will to the duplex and the northerly portion of the lot, respondent introduced oral evidence describing the location and the frontage of the buildings on the lot, the location and age of the fence, and the care given to the lawn and shrubbery on each portion of the property. No objection was made

by appellants to any of such evidence. The only objection offered to any evidence on the subject of ambiguity was to the introduction of a map showing the location of the dwelling houses, the garage and the fence. Evidence was also presented on behalf of appellants in support of their claim that the testatrix intended to devise the entire lot to them. Since the case was tried on the theory that the sole issue to be determined was whether or not the will was ambiguous and if so what was the intention of the testatrix, appellants cannot raise the objection on appeal that such issue was not before the court. (*Asnon* v. *Foley*, 105 Cal.App. 624, 628 [288 P. 792]; *Slaughter* v. *Goldberg, Bowen & Co.*, 26 Cal.App. 318, 325 [147 P. 90]; *Hirsch* v. *James S. Remick Co.*, 38 Cal.App. 764, 767 [177 P. 876]; *Guidera* v. *Lapiana*, 52 Cal.App. 460, 463 [199 P. 557]; *Meer* v. *Cerati*, 53 Cal.App. 497, 505 [200 P. 501]; *City of Redding* v. *Dozier*, 56 Cal.App. 590, 593 [206 P. 465]; *Grimes* v. *Richfield Oil Co.*, 106 Cal.App. 416, 422 [289 P. 245].)

The order settling final account and decree of distribution is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 23, 1948.