[Civ. No. 22719.   Second Dist., Div. Three.   May 27, 1958.]

Estate of WILLIAM C. HARRIS, Deceased. LUCELE BROWN, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, et al., Respondents.

Williams J. Clark and Albert C. McCall for Appellant.

Weinstein & Shelley and Robert R. Shelley for Respondents.

PATROSSO, J. pro tem.*—This is an appeal from a decree determining heirship. The appellant is Lucele Brown, a sister of the predeceased wife of the testator and the respondent is Mildred Lucille Brown Popp, a niece of the said predeceased wife.

By paragraph Third of his will, the decedent gave, devised and bequeathed the whole of his estate to the wife Nora E. Harris. Paragraph Fourth of the will, with which we are here concerned, reads as follows:

"FOURTH: In the event my said wife should predecease me, or die prior to the distribution of my estate, I give, devise and bequeath my property and estate as follows:

"To my nieces, Lillian George of New York, Ruth Greenwall of Ohio and Lucille Evans of Ohio, and to my wives nieces Lucele Brown of Ohio, and nephews John Henry Brown of Ohio, Wendell Brown of Los Angeles and Morris Swan of Temple City, California, share and share alike."

While the language of paragraph Fourth is clear upon its face, a latent ambiguity is inherent therein by reason of the uncertainty as to the identity of the person therein referred to as "my wives nieces Lucele Brown of Ohio." The appellant whose true name is Bernice Lucele Brown, but who was also known as Lucele Brown, is a resident of Ohio, but is a sister and not a niece of the testator's predeceased wife, while the respondent Mildred Lucille Brown Popp, who was also known as Lucille Brown prior to her marriage, is the niece of the predeceased wife, but is a resident of Los Angeles County and not of the State of Ohio.

In this situation extrinsic evidence was properly admitted by the trial court to remove the ambiguity. (*Estate of Nunes* (1954), 123 Cal.App.2d 150, 155 et seq. [266 P.2d 574].) Such evidence was conflicting, but that favorable to the respondent and supporting the trial court's finding that she is the person referred to as Lucele Brown is to this effect: Respondent is a niece of the testator's predeceased wife;

*Assigned by Chairman of Judicial Council.

she was commonly referred to by her entire family as Lucille and also so referred to by the testator and his predeceased wife, while the appellant was referred to by the deceased wife as Bernie or Bernice; respondent lived in Ohio prior to coming to California and was visited by the testator and his wife in Ohio. When respondent moved from Ohio to California in 1943 she and her daughter lived with the testator and his wife for six months, and when she purchased a home in San Gabriel, testator and his wife assisted her in deciding which home to buy and loaned her $767, without interest, with which to make the down payment on the home. After respondent moved into her home, respondent saw her aunt on the average of once a week and both respondent and her daughter were the recipients of Christmas gifts from her aunt, and respondent's daughter also received birthday presents from her. It also appears that the respondent was affectionately regarded by her aunt.

In view of this evidence the trial court was warranted in concluding, as it did, that by the testator's reference "to my wives nieces Lucele Brown" he intended to refer to the respondent rather than to the appellant. Moreover, the trial court was undoubtedly influenced in reaching its decision by reason of the fact that it was unlikely that Mrs. Harris, who was present at the time the will was executed and who furnished the names of her relatives to the attorney who prepared it, would have referred to the appellant as her niece knowing that she was her sister with whom, as the evidence discloses, she frequently corresponded and therein addressed as "Bernie."

While, as appellant contends, there was other evidence which would have supported a finding that the appellant was the intended beneficiary, where, as here, "a provision in a will is ambiguous and evidence is admitted in order to arrive at the testator's intention, the inferences and conclusions drawn by the trial court from the evidence and the court's findings made therefrom will not be disturbed unless such conclusion 'is contrary to the inferences a reasonable mind might properly draw from the evidence' and such a determination will not be disturbed by a reviewing court unless it is clearly erroneous." (*Estate of Sullivan* (1948), 86 Cal.App.2d 890, 895 [195 P.2d 894].)

The order appealed from is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.